

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-1997

# United States v. Powell

Precedential or Non-Precedential:

Docket 96-7242

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"United States v. Powell" (1997). *1997 Decisions.* Paper 102.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/102

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 12, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 96-7242 and 96-7274

UNITED STATES OF AMERICA

v.

JAMES POWELL,
Appellant at No. 96-7242

ANTONIO POWELL,
Appellant at No. 96-7274

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Nos. 95-cr-00055-1 and 95-cr-00055-2)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 1997

Before: BECKER, SCIRICA and ALITO, Circuit Judges

(Filed May 12, 1997)

JOSEPH A. O'BRIEN, ESQUIRE
Oliver, Price & Rhodes
220 Penn Avenue, Suite 300
P.O. Box 1409
Scranton, Pennsylvania 18501-1409


 Attorney for Appellant,
 James Powell

CLYDE K. MIDDLETON, ESQUIRE
25 West Tioga Street
Tunkhannock, Pennsylvania
18657-1422

Attorney for Appellant,
Antonio Powell

WILLIAM S. HOUSER, ESQUIRE
Office of United States Attorney
309 Federal Building
Scranton, Pennsylvania 18501

Attorney for Appellee

**OPINION OF THE COURT**

SCIRICA, Circuit Judge.

Antonio and James Powell were indicted on federal charges for distributing cocaine and conspiracy. Antonio Powell pleaded guilty and now appeals his sentence. His brother James Powell was convicted by a jury and appeals his conviction for insufficiency of evidence. We will affirm.

**I.**

In March and April of 1994, detectives of the Kingston, Pennsylvania, Police Department investigated the drug trafficking of James and Antonio Powell. During the course of the investigation, the detectives made six controlled purchases of cocaine base from Antonio Powell. On each drug delivery, James Powell accompanied his brother and occasionally acted as look-out. The brothers also made incriminating statements in a series of tape-recorded telephone conversations.

A federal grand jury indicted Antonio and James Powell on conspiracy and drug distribution charges. Antonio Powell pleaded guilty to one count of conspiring to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846,1 two counts of

---

1. 21 U.S.C. § 846 provides: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the

2

aiding and abetting distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), three counts of aiding and abetting distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1).[2] James Powell pleaded not guilty and elected to represent himself at trial.[3] A jury convicted James Powell on each count to which his brother pled guilty. James Powell was sentenced to one hundred and fifty months imprisonment. Antonio Powell was sentenced to eighty-seven months imprisonment.

James Powell appeals the sufficiency of evidence supporting his conviction.[4] Antonio Powell appeals his sentence, specifically an increase in his offense level for obstruction of justice and reliance on an allegedly incorrect laboratory report.

_____

same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

2. 21 U.S.C. § 841(a) provides, in part: "Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally -- (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

3. The district court conducted an extensive colloquy with the defendant regarding the seriousness of the charged offenses, range of allowable punishment, and the perils of self-representation. The court held another discussion with Powell in chambers regarding these matters and sent Powell a letter summarizing the court's views on the perils of self-representation. The court then appointed counsel to be present at trial and to assist Powell.

4. James Powell's counseled brief to this court raises only the issue of the sufficiency of the evidence supporting his conviction. In a "pro se supplemental brief" filed by James Powell apparently without the assistance of counsel, Powell also alleges the district court erred by (1) conducting an inadequate colloquy regarding his decision to represent himself at trial; (2) enhancing his sentence under U.S.S.G. § 3C1.1 for perjury; and (3) ruling at sentencing that the substance involved in the drug transactions was crack cocaine. We have reviewed these contentions and find them to be without merit.

3

## II.

The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. If a defendant fails to file a timely motion for judgment of acquittal, we review sufficiency of evidence for plain error. United States v. Gaydos, 108 F.3d 505, 509 (3d Cir. 1997). We review adjustments under U.S.S.G. § 3C1.1 under a two-part standard. We review a district court's factual determination of willful obstruction of justice for clear error, and its legal interpretation and application of the sentencing guidelines under a plenary standard. United States v. Belletiere, 971 F.2d 961, 964 (3d Cir. 1992); United States v. Cusumano, 943 F.2d 305, 315 (3d Cir. 1991).

## III.

### A.

James Powell was convicted of distributing cocaine base, conspiring to distribute cocaine and cocaine base, and aiding and abetting distribution of cocaine and cocaine base. He now appeals his conviction for aiding and abetting and conspiracy for insufficiency of evidence. To convict for aiding and abetting, the government must prove that the defendant associated himself with the venture, that he participated in it as something that he wished to bring about, and that he sought by his action to make it succeed. United States v. Jenkins, 90 F.3d 814, 821 (3d Cir. 1996); United States v. Bey, 736 F.2d 891, 895 (3d Cir. 1984). To convict for conspiracy, the government must prove unity of purpose, the intent to achieve a common goal, and an agreement to work together toward that goal. All of these elements, including the existence of the agreement, may be proved by circumstantial evidence. United States v. Anderskow, 88 F.3d 245, 253 (3d. Cir.), cert. denied, 117 S. Ct. 613 (1996).

Substantial evidence supported his conviction on the aiding and abetting counts. James Powell accompanied his brother each time Antonio Powell sold cocaine or cocaine base to undercover police officers. James Powell either

4

drove or rode in the vehicle transporting the cocaine. On three occasions, James Powell was a look-out during the drug transaction. On one occasion, Antonio Powell consulted him before setting a price for cocaine. On another, James Powell assured a police informant that the cocaine the Powell brothers would sell the next day would match in quality the cocaine sold earlier by Antonio Powell. Thus, there was strong evidence that when James Powell acted as a lookout and driver, he knew he was assisting in the sale of cocaine and cocaine base. Under the facts here, there was more than sufficient evidence to convict for aiding and abetting.5

James Powell also challenges the sufficiency of evidence on his conspiracy conviction. He admitted at trial that he distributed cocaine on virtually a daily basis during March and April 1994. A witness testified that James and Antonio Powell lived together, that both sold cocaine, that they shared plastic bags to package the cocaine, and that if one of the brothers ran out of cocaine to sell, the other brother would supply it. As noted, James Powell assured a police informant that the cocaine the Powell brothers would sell the next day would match in quality the cocaine sold earlier by Antonio Powell. During a recorded telephone conversation, Antonio Powell consulted James Powell before setting the sales price for cocaine. These facts, together with James Powell's actions as lookout and driver, provided more than sufficient evidence to convict James Powell for conspiring with Antonio Powell to distribute cocaine.6

_____

5. James Powell failed to ask for judgment of acquittal at the conclusion of the government's case-in-chief or at the end of the trial. Therefore, we review for plain error. Even if the plain error standard did not apply, there was sufficient evidence to convict.

6. James Powell failed to ask for judgment of acquittal at the conclusion of the government's case-in-chief or at the end of the trial. Therefore, we review for plain error. Even if the plain error standard did not apply, there was sufficient evidence to convict. Powell does not raise on appeal sufficiency of the evidence supporting his conviction for distribution, and therefore we will not review it.

**B.**

Antonio Powell testified at his brother's trial that James Powell was not involved in the drug distribution conspiracy. This testimony was contradicted by extensive government evidence that James Powell accompanied Antonio Powell on each of the charged drug deliveries, acted as look-out, and made statements demonstrating his involvement in the pricing and sale of the cocaine delivered by Antonio Powell. Evidently Antonio Powell's testimony was rejected because the jury found James Powell guilty on all counts.

After James Powell's trial, the probation departmentfiled an addendum to Antonio Powell's Pre-Sentence Investigation Report recommending increasing his offense level for obstruction of justice because he testified falsely at his brother's trial. At the sentencing hearing, the district court found that Antonio Powell had obstructed justice and increased his offense level by two levels under U.S.S.G. § 3C1.1. U.S.S.G. § 3C1.1 provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." "[O]ffering perjured testimony is an attempt to obstruct justice." United States v. Bethancourt, 65 F.3d 1074, 1081 (3d Cir. 1995) (citing U.S.S.G. § 3C1.1 Application Note 3(b)), cert. denied, 116 S. Ct. 1032 (1996).

Antonio Powell does not contest the district court's factual determination that he committed perjury at his brother's trial when he testified James did not conspire with him to distribute cocaine and cocaine base. Nonetheless, the district court's finding that Antonio Powell offered perjured testimony at his brother's trial was not clearly erroneous. As noted, there was substantial evidence that James Powell conspired with his brother to distribute cocaine and cocaine base. The jury rejected Antonio Powell's testimony when it found James Powell guilty on all counts. Moreover, the district judge who sentenced Antonio Powell presided at his brother's trial. Therefore, the judge was well-positioned to assess the credibility of the witnesses.

6

Instead, Antonio Powell contends that whether or not his testimony constituted perjury, it was not perjury in "the instant offense," so that it could not constitute obstruction of justice under U.S.S.G. § 3C1.1.

We have held U.S.S.G. § 3C1.1 applies only when a defendant has made efforts to obstruct the investigation, prosecution, or sentencing of "the offense of conviction." United States v. Kim, 27 F.3d 947, 958 (3d Cir. 1994); United States v. Woods, 24 F.3d 514, 516 (3d Cir. 1994); United States v. Belletiere, 971 F.2d 961, 967-68 (3d Cir. 1992). Thus, § 3C1.1 does not apply if a defendant makes false statements about other crimes or events, so long as those statements do not impede the investigation, prosecution, or sentencing of the crime for which he was convicted and for which he is being sentenced. In Woods, for example, we held § 3C1.1 does not apply where a defendant is convicted on armed robbery charges and subsequently makes false statements to government investigators about his friends' participation in a robbery for which the defendant was not indicted or convicted. Woods, 23 F.3d at 515-17. Similarly, in Belletiere, we held § 3C1.1 is not applicable where a defendant is convicted on drug distribution and tax evasion charges but makes false statements to a probation officer about personal drug use which "had nothing to do with" the offenses for which he was convicted and were neither material to or impeded the government's investigation. Belletiere, 971 F.2d at 968.

Section 3C1.1 will apply if the false statements impeded the investigation or prosecution of the charges for which the defendant is convicted. In Kim, for example, we held that § 3C1.1 applies where a defendant made false statements which obstructed the government's investigation of the drug possession charges for which defendant was later convicted. The fact that the false statements were also arguably related to a conspiracy count for which defendant was acquitted was not dispositive. Kim, 27 F.3d at 958-59.

We have not decided whether U.S.S.G. § 3C1.1 applies where a defendant pleads guilty and then attempts to impede the prosecution of a co-defendant for the same offenses. Other courts have decided this issue, but not uniformly. Compare United States v. Acuna, 9 F.3d 1442,

7

1446 (9th Cir. 1993) (§ 3C1.1 applies where defendant pleaded guilty and then testified falsely in codefendant/coconspirator's trial) and United States v. Bernaugh, 969 F.2d 858, 861 (10th Cir. 1992) (§ 3C1.1 applies where defendant pleaded guilty to offense but lied about the extent of codefendants' participation), with United States v. Partee, 31 F.3d 529 (7th Cir. 1994) (§ 3C1.1 does not apply where defendant pleads guilty but refuses to testify under grant of immunity at codefendant/coconspirator's trial) and United States v. Banks, 751 F. Supp. 1161 (M.D. Pa. 1990) (§ 3C1.1 does not apply where defendant convicted at trial testifies falsely at separate trial of co-defendant), aff'd on other grounds, 931 F.2d 52 (3d Cir. 1991) (Table).

In United States v. Bernaugh, a defendant provided materially false information at his guilty plea hearing about the criminal conduct of his codefendants. At his sentencing hearing, the district court increased his offense level under U.S.S.G. § 3C1.1. On appeal, the Court of Appeals for the Tenth Circuit affirmed, noting that though § 3C1.1 applies only where the defendant obstructs or attempts to obstruct the investigation, prosecution, or sentencing of the "instant offense," the sentencing guidelines "contemplate that an `offense' may include the concerted criminal activity of multiple defendants." Bernaugh, 969 F.2d at 861 (citing U.S.S.G. Ch. 3, Pt. B, Intro. comment). For that reason, the court held "the section 3C1.1 enhancement applies where a defendant attempts to obstruct justice in a case closely related to his own, such as that of a codefendant." Id. Bernaugh was cited with approval and followed by the Court of Appeals for the Ninth Circuit in United States v. Acuna, 9 F.3d 1442, 1446 (9th Cir. 1993) (§ 3C1.1 applies where defendant pleaded guilty and then testified falsely in co-defendant/co-conspirator's trial).

Here, Antonio and James Powell were indicted as coconspirators for the same offenses in the same counts of the same indictment. As the Tenth Circuit noted in Bernaugh, the sentencing guidelines contemplate that an offense may be committed by more than one defendant. See U.S.S.G. Ch. 3, Pt. B, Intro. comment ("When an offense is committed by more than one participant . . . ."). When Antonio Powell testified that his brother had not conspired

8

with him to distribute cocaine, he was attempting to impede the prosecution of the same offenses for which he was convicted.

This case may be distinguished from United States v. Partee, 31 F.3d 529 (7th Cir. 1994). In Partee, the defendant pleaded guilty but refused to testify under grant of immunity at a codefendant/coconspirator's trial. The district court enhanced his sentence under U.S.S.G. § 3C1.1, and the defendant appealed. The Seventh Circuit observed that it had held in a previous case that § 3C1.1 obstruction enhancement applied only where the defendant acted with specific intent to avoid responsibility for the offense for which he was being tried. Id. at 531 (citing United States v. Haddad, 10 F.3d 1252 (7th Cir. 1993)). The court noted the defendant's refusal to testify at his codefendant's trial had no effect on his guilty plea and did not represent an attempt to avoid responsibility for the offense for which he was convicted. For these reasons, enhancement under § 3C1.1 was inappropriate. Id.

The Partee decision appears to have turned on the Seventh's Circuit's prior decision in Haddad that the § 3C1.1 obstruction enhancement can be applied only where the defendant acted with specific intent to avoid responsibility for the offense for which he was tried. We have not adopted a similar rule in this circuit. Moreover, the court of appeals specifically noted that the district court in Partee had an alternative to sentence enhancement -- it could punish the defendant's refusal to testify under grant of immunity by holding him in criminal contempt. There was no such possibility here.

For these reasons, the district court did not err when it applied § 3C1.1 after it determined that Antonio Powell had lied at his brother's trial and impeded his brother's prosecution.

**C.**

At Antonio Powell's sentencing hearing, the district court found the substance involved in Count VII was crack cocaine. Antonio Powell claims the laboratory report involved in count VII states that the substance was

9

"cocaine base" and a "powder." Powell observes that cocaine base is a crystalline substance, not a powder, and that the report may be inaccurate. Powell argues the district court erred when it relied on the report to calculate his base level without ordering retesting of the substance.

At his guilty plea colloquy, the district court specifically advised Powell that he was charged in count VII with distributing crack cocaine. The government represented and Antonio Powell repeatedly admitted the substance in question was crack cocaine. When asked by the court if he disagreed with the factual basis for the plea as described by the government, Powell did not deny that the substance in count VII was crack cocaine. The court then advised Powell that if the case proceeded to trial, the government would have to prove that the substance in count VII was crack cocaine. Antonio Powell once again stated that he understood the factual basis of the plea. "There can be no question that admissions to the court by a defendant during a guilty plea colloquy can be relied upon by the court at the sentencing stage." United States v. James, 78 F.3d 851, 856 (3d Cir.), cert. denied, 117 S. Ct. 128 (1996). Here, Antonio Powell's admissions provided sufficient basis for the court to conclude that the substance in count VII was crack cocaine. We see no error.

**IV.**

For the foregoing reasons, the judgments of conviction and sentences will be affirmed.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

10