

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-3-2003

# USA v. Hinton

Precedential or Non-Precedential: Non-Precedential

Docket 02-1442

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Hinton" (2003). *2003 Decisions*. Paper 898.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/898

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT- PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Case No:   02-1442

UNITED STATES OF AMERICA

v.

DAMARX ALI HINTON,

Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cr-00123-1)
District Judge: Honorable James F. McClure, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
December 10, 2002

Before: BECKER, Chief Judge, ROTH and SMITH, Circuit Judges

(Filed January 3, 3003)

_____

OPINION

_____

D. BROOKS SMITH, Circuit Judge:

On May 29, 2001, appellant Damarx Ali Hinton pled guilty to Count One of an Indictment, possession with the "intent to distribute more than fifty (50) grams of cocaine base (crack cocaine)" in violation of 21 U.S.C.   841(a)(1).  Thereafter, Hinton requested an evidentiary hearing prior to sentencing to establish whether the drugs seized were cocaine or crack cocaine, the latter of which is subject to a harsher penalty under   2D1.1 of the Sentencing Guidelines.  After a hearing, the District Court concluded that the drugs were crack cocaine and sentenced Hinton accordingly.  On appeal, Hinton contends that the District Court erred in finding that the substance was crack cocaine and thereby sentencing him pursuant to the sentencing guideline for that drug.  We affirm.

I.

The determination that the seized substances were crack cocaine is a finding of fact subject to review for clear error.  United States v. Roman, 121 F.3d 136, 140 (3d Cir. 1997).  The District Court's application of the Sentencing Guidelines is subject to plenary review.  Id.

II.

At sentencing, the government has the burden of showing by a preponderance of the evidence that the drug at issue is actually crack cocaine.  Roman, 121 F.3d at 140-41. In determining whether the government has met its burden, a district court may rely upon "admissions to the court by a defendant during a guilty plea colloquy[.]"  United States v. James, 78 F.3d 851, 856 (3d Cir. 1996); see also Roman, 121 F.3d at 141.  When the

indictment and the plea agreement specifically identify the drug as "crack cocaine" and the plea colloquy specifically refers to the drug involved as crack cocaine, there is ample evidentiary support for a conclusion that the drug is in fact "crack cocaine." United States v. Faulks, 143 F.3d 133, 138-39 (3d Cir. 1998); United States v. Powell, 113 F.3d 464, 470 (3d Cir. 1997); Roman, 121 F.3d at 141 n.4.

Here, the indictment explicitly charged Hinton with possession of "cocaine base (crack cocaine)." The plea agreement Hinton executed specified that the parties agreed to recommend to the court, in relevant part, the following:

> That pursuant to 2D1.1(c)(4) of the United States Sentencing Guidelines the amount of cocaine base (crack cocaine) involved in this matter that can be proven beyond a reasonable doubt is more than fifty (50) grams but less than one-hundred fifty (150) grams.

During the plea colloquy, Hinton acknowledged that the prosecution's recitation of the evidence, which specifically referred to "crack cocaine" five times, was correct. Judge McClure then asked Hinton if he "knew that [he] was carrying crack cocaine?" Hinton responded: "Yes." In response to a second inquiry from Judge McClure, Hinton again acknowledged that the drug involved was crack cocaine.

Under these circumstances, there is ample evidentiary support for Judge McClure's finding that the drug involved was crack cocaine. Faulks, 143 F.3d at 138-39; Powell, 113 F.3d at 470. As Judge McClure explained in a thorough and well-reasoned memorandum, Faulks and Powell are controlling and Hinton's knowing and voluntary plea was a sufficient basis for the finding that the drug was crack cocaine.

This finding was also supported by the testimony of Agent Dincher, the prosecuting officer, that the characteristics of the controlled substances involved were consistent with crack cocaine. As we pointed out in Roman, 121 F.3d at 141, an officer's testimony regarding the identity of the drug involved in the case is relevant and appropriately considered by the district court even if that testimony does not establish the drug's identity with one-hundred percent certainty. See also United States v. Waters, No. 01-3784, slip. op. at 11 (3d Cir. December 12, 2002) (concluding that government met its burden of proving that drug was crack cocaine by presenting testimony of: (1) DEA chemist that crack could also be cut with niacinamide; and (2) detective that appearance of drug was consistent with crack and niacinamide was commonly used in Philadelphia to process the powder form to cocaine base); United States v. Dent, 149 F.3d 180, 190 (3d Cir. 1998) (testimony by chemist and officer which did not definitively identify substance as crack cocaine was sufficient to satisfy the government's burden at sentencing).

### III.

After determining that the drug involved in this case was in fact crack cocaine, the District Court refused to reduce Hinton's offense level by three points for acceptance of responsibility. The district judge concluded that Hinton was falsely denying that the drugs in question were crack cocaine and that such denial should preclude an award of the downward adjustment to him under sentencing guideline 3E1.1.

Whether a defendant has "accepted responsibility" warranting a downward adjustment under 3E1.1 is a factual issue subject to a clearly erroneous standard of review. United States v. Muhammad, 146 F.3d 161, 167 (3d Cir. 1998); United States v. Deleon-Rodriguez, 70 F.3d 764, 767 (3d Cir. 1995). Indeed, the sentencing guidelines recognize that the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. 3E1.1, Application Note 5.

After reviewing the record, we find no error by the District Court. Under 3E1.1, a defendant qualifies for an acceptance of responsibility reduction in his offense level for certain behavior, including "truthfully admitting the conduct comprising the offense(s) of conviction[.]" U.S.S.G. 3E1.1, Application Note 1(a). "However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id.

Here, the District Court found that Hinton falsely denied at sentencing that the drugs at issue were crack after he had explicitly acknowledged during the guilty plea colloquy that the drugs were indeed crack cocaine. In light of this about face, and in the absence of any indication by Hinton earlier in the proceedings that he intended to challenge the identity of the drugs at sentencing, we will not disturb the District Court's ruling.

The judgment of the District Court will be affirmed.

_____

TO THE CLERK:

Please file the foregoing Opinion.

/s/ D. Smith Brooks
Circuit Judge