

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2003

# USA v. Kemmerer

Precedential or Non-Precedential: Non-Precedential

Docket 02-2229

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Kemmerer" (2003). *2003 Decisions.* Paper 749.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/749

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-2229

———

UNITED STATES OF AMERICA

v.

TROY KEMMERER,
Appellant.

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:CR-00-283)
District Judge: The Honorable Malcolm Muir

———

Submitted under Third Circuit LAR 34.1(a)
January 16, 2003

Before: ROTH, FUENTES and ALDISERT, Circuit Judges.

(Filed March 11, 2003)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Former Correctional Officer Troy Kemmerer appeals from a sentence imposed after he pleaded guilty to one count of conspiracy to receive bribes, 18 U.S.C. § 371, and one count of receipt of bribes by a public official, 18 U.S.C. § 201(b)(2)(c). We must decide if the district court erred 1) in making a two-point enhancement based on Kemmerer's perjury at his sentencing hearing, and 2) in imposing a two-level upward departure based on his dissemination of confidential and sensitive information to inmates while he was a Correctional Officer at the Federal Correctional Institution in Allenwood, Pennsylvania.

Kemmerer contends that the evidence did not support the district court's determination that he testified falsely at the sentencing hearing for which he received a two-point enhancement in his offense level for obstructing justice pursuant to United States Sentencing Guideline § 3C1.1. He also argues that the court abused its discretion in concluding that Kemmerer's dissemination of confidential information about one inmate to another took him outside the "heartland" of cases, and thus that the district court erred in imposing a two-level upward departure to his sentence pursuant to United States Sentencing Guideline § 5K2.0.

Because the parties are familiar with the facts in the proceedings in the district court, we will address only the legal issues presented.

I.

In its opinion, the district court stated:

The testimony presented at the pre-sentence hearing convinces us that Kemmerer

2

knew he would be receiving $5,000.00 for smuggling the sperm kit into Allenwood for [inmate Charles R.] Holbrook. Holbrook provided detailed testimony regarding his negotiations with Kemmerer. In the letter Holbrook subsequently wrote to his girlfriend, he referenced "V large books," which was coded language for $5,000.00.

We find Holbrook's testimony credible, and it stands in marked contrast to Kemmerer's vague, ambiguous testimony regarding his negotiations with Holbrook. The $5,000 in cash was delivered to the Defendant in the sting operation. His possession thereof, although he did not count it, warrants a finding that a bribe of $5,000 was accepted by the defendant.

United States v. Kemmerer, No. 4:CR-00-283, at 19 (M.D. Pa. Mar. 26, 2002)

The court concluded that Kemmerer knowingly provided false testimony regarding his negotiations with Holbrook over the "V large books" for smuggling the sperm kit into Allenwood. The court made a credibility finding, which will not be disturbed on appeal unless it were to constitute "clear error." United States v. Powell, 113 F.3d 464, 467 (3d Cir. 1997). Because it did not, the district court's imposition of a two-point enhancement for obstruction of justice will be affirmed.

## II.

The district court also determined that Kemmerer committed perjury: 1) when he testified that when Allenwood Unit Manager Edward Netzband observed Kemmerer sitting on an inmate's bed, Kemmerer was merely counseling the inmate because the inmate's mother had recently died; and 2) when he testified that he never disseminated any sensitive or confidential information to prison inmates. As to the first instance of perjury, when Netzband originally confronted Kemmerer about his sitting on the inmate's bed and conversing with him, Kemmerer said that he was getting information from the inmate. At

3

the pre-sentencing hearing, however, Kemmerer told a different story. He said that he was counseling the inmate because of the death of the inmate's mother. As to the second, witnesses testified – contradicting Kemmerer's testimony under oath – that they saw Kemmerer giving out confidential documents stamped "FOI" or "LOU Sensitive" to inmates regarding other inmates.

The district judge as the finder of fact passed on the credibility of the witnesses, and the court's determination will not be disturbed on appeal. We now turn to the permissible options that a district court may use in view of the foregoing.

III.

United States Sentencing Guideline § 5K2.0 provides that a court may impose a sentence outside the applicable guideline range:

> if [it] finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result from the sentence different from that described."

In <u>Koon v. United States</u>, 518 U.S. 81 (1986), the Supreme Court recognized that a district court's decision to depart from the guidelines "will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." 518 U.S. at 98. To determine whether certain aspects of the case are unusual enough to fall outside the heartland of cases within that guideline, "the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day to day experience in criminal sentencing." <u>Id.</u>

4

In <u>United States v. Yeaman</u>, 248 F.3d 223, 231 (3d Cir. 2001), we stated:

The Supreme Court has endorsed a four-step test for determining whether a departure from the Guidelines should occur based on unusual circumstances. . . . First, we determine if the factor relied upon in the case makes it special or unusual, taking it outside the heartland. Second, we determine whether departures on such factors have been forbidden by the [Sentencing] Commission. Third, we determine whether the Commission has encouraged departures based on such factors. Fourth, we determine whether the Commission has discouraged departures on such factors.

We are satisfied that the district court made a "refined assessment of the many factors." <u>Koon</u> 518 U.S. at 98. One explicit example of an encouraged upward departure factor is the "disruption of a governmental function." <u>Id.</u> at 94; <u>see also</u> United States Sentencing Guideline § 52K.7 ("If the defendant's conduct resulted in a significant disruption of a governmental function, the court may increase the sentence above the authorized guideline range to reflect the nature and extent of the disruption and the importance of the governmental function affected."). Considering that Kemmerer's improper and illegal conduct as a federal Correctional Officer certainly made possible the "disruption of a governmental function," <u>Koon</u> 518 U.S. at 94, we conclude that this circumstance was sufficiently "unusual" to meet our <u>Yeaman</u> test to warrant an upward departure.

* * * * *

We have considered all the contentions of the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

———

5

TO THE CLERK:

      Please file the foregoing opinion.


                              /s/ Ruggero J. Aldisert
                              Circuit Judge


DATED:  March 11, 2003