

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2003

# USA v. Lacroix

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3490

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Lacroix" (2003). *2003 Decisions.* Paper 356.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/356

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3490

UNITED STATES OF AMERICA,

v.

CHRISTOPHER LACROIX,

Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
(Dist. Court No.  02-cr-00177)
District Court Judge: Joseph A. Greenaway

Submitted Under Third Circuit LAR 34.1(a)
June 16, 2003
Before: ALITO, ROTH, and HALL[1], Circuit Judges

OPINION OF THE COURT

(Opinion filed:   July 17, 2003)

ALITO, Circuit Judge:

           Christopher LaCroix pled guilty to a single count of knowingly receiving

---

[1] The Honorable Cynthia H. Hall, Senior Circuit Judge for the United States Court
of Appeals for the Ninth Circuit, sitting by designation.

stolen money that had crossed state lines, in violation of 18 U.S.C. §§ 2315 and 2, and was sentenced to 85 months' imprisonment and fined $100,000. In this appeal, he argues that the District Court erred by increasing his offense level by two levels for willful obstruction of justice, pursuant to U.S.S.G. § 3C1.1, and by not excusing him from the $100,000 fine on the ground that he would be unable to pay. We affirm.

LaCroix's conviction was based on his receipt of approximately $3,700,000 in cash that had been stolen from the Humboldt Bancorp of Eureka, California, by Michael Schwartz, the late owner of two businesses that serviced ATMs in New York and New Jersey. In early December 2001, Schwartz attempted to rent an apartment in West Palm Beach, Florida, using an assumed name. The rental agent told Schwartz that she could not help him, but referred him to her boyfriend, LaCroix. Schwartz then paid LaCroix $10,000 in cash to rent a room in his apartment for three months. Schwartz bought new furniture and a large screen television and proceeded to drink heavily. He died on Christmas Day, 2001, but not before he had given LaCroix approximately $60,000 for safekeeping and a $2,000 Christmas gift. After Schwartz's death, LaCroix discovered $90,000 among Schwartz's effects and $3,500,000 in Schwartz's van. He removed this money and placed all or most of it in a storage locker. When LaCroix was initially questioned by the authorities, he claimed that the only cash he had received from Schwartz was $1,800 in rent. When LaCroix told authorities about Schwartz's van, he omitted to mention the $3,500,000 that he had removed from the van and provided a

2

physical description of a fictitious accomplice named "Scot." On December 31, 2001, federal agents told LaCroix that Schwartz had been implicated in the theft of $5,000,000 in cash. After the interview, LaCroix moved $3,000,000 from the storage locker to a different hiding place in an abandoned house. On January 4, 2002, federal agents recovered $68,000 from a safety deposit box rented by LaCroix and $3,000,000 from the abandoned house. LaCroix was arrested on January 9, 2002. He subsequently provided agents with information that led to the recovery of $540,000 from the rented storage locker.

The presentence report ("PSR") noted that LaCroix had given misleading statements to investigators and recommended increasing his offense level, pursuant to U.S.S.G. § 3C1.1 (2001). PSR § 30. The PSR expressed reservations about LaCroix's ability to pay a fine in addition to the approximately $1,300,000 in restitution due Humboldt Bancorp. Id. § 105. The District Court sentenced LaCroix to 85 months' imprisonment and fined him $100,000, but did not order restitution, on the ground that the government had not offered the required proof by a preponderance of the evidence that LaCroix had ever possessed more cash than was recovered.[2] App. at 39-42.

"We review a district court's factual determination of willful obstruction of justice for clear error, and its legal interpretation and application of the sentencing

---

[2] Of the almost $5,000,000 stolen by Schwartz, around $3,700,000 was recovered from LaCroix.

3

guidelines under a plenary standard." United States v. Powell, 113 F.3d 464, 467 (3d Cir. 1997). A determination that a defendant wilfully obstructed justice is not clearly erroneous unless it is "completely devoid of credible evidentiary basis or bears no rational relationship to the supporting data." United States v. Haut, 107 F.3d 213, 218 (3d Cir. 1997) (quotation mark omitted). The government bears the burden of proving wilful obstruction by a preponderance of the evidence. United States v. Belletiere, 971 F.2d 961, 965 (3d Cir. 1992).

Section 3C1.1 of the Sentencing Guidelines directs the sentencing court to increase the offense level by two if it finds that "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. The commentary following Section 3C1.1 offers "a non-exhaustive list of examples of the types of conduct to which this adjustment applies", which includes the "providing [of] a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." Id. cmt. n.4.

LaCroix claims that the District Court erred because his actions obstructed the investigation solely in its initial stages and he subsequently "helped significantly with the recovery of the missing funds." Appellant's Br. at 13. The record does not support this contention. In the weeks before his arrest, LaCroix provided many "materially false

4

statement[s] to . . . law enforcement officer[s] that significantly obstructed or impeded the official investigation or prosecution of the instant offense." U.S.S.G. § 3 C1.1, cmt. n.4. For example, LaCroix did not at first tell authorities that he had been given any cash by Schwartz, other than $1,800 in rent. He also did not disclose the names of friends and family to whom he had given portions of Schwartz's cash. Furthermore, LaCroix did not mention the existence of Schwartz's van until after he had emptied it of $3,500,000 and placed the cash in a storage locker. He also told federal agents that an individual named "Scott" had driven Schwartz's van, a statement that he knew to be untrue and that was bound to impede the investigation. On December 31, 2001, after federal investigators informed him that Schwartz was a suspect in a $5,000,000 bank theft, LaCroix transferred $3,000,000 to a new hiding place in an abandoned house. Finally, it was only after he had been taken into custody that LaCroix told authorities about the $540,000 remaining in the storage locker.[3] Based on the preceding, we cannot say that the District Court's finding that the government had met its burden of proving by a preponderance of the evidence that LaCroix willfully obstructed the investigation bore "no rational relationship to the supporting data." Haut, 107 F.3d at 218.

LaCroix further argues that, because the majority of the stolen money was eventually recovered, he should be exempted from Section 3C1.1. Appellant's Br. at 13-

---

[3] LaCroix may have also misled authorities about the whereabouts of $1,300,000 of stolen cash that remains unaccounted for.

14. There is nothing in the language of Section 3C1.1 to support this interpretation. To the contrary, Section 3C1.1 directs the sentencing court to consider whether the "defendant willfully obstructed or impeded, or *attempted to obstruct or impede*, the administration of justice during the course of the investigation." U.S.S.G. § 3C1.1 (emphasis added). LaCroix's many misleading statements to the authorities were, if nothing else, attempts to obstruct or impede the investigation.

In sum, the District Court did not err by applying a two-level enhancement for wilful obstruction of justice, pursuant to U.S.S.G. § 3C1.1.

LaCroix next argues that the District Court erred in fining him $100,000, when there was evidence in the PSR that he would be unable to pay that amount. Appellant's Br. at 15. Section 5E1.2(a) of the Sentencing Guidelines provides that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). Because LaCroix did not object to the fine on the ground that he would be unable to pay, we review the imposition and amount of the fine for plain error. United States v. Torres, 209 F.3d 308, 313 (3d Cir. 2000).[4] Accordingly, we will not correct any error "unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Olano, 507 U.S. 725, 732 (1993) (quoting United States v.

---

[4] At sentencing, LaCroix merely stated that he "need[ed] to object to the fine in the amount of $100,000", without stating any ground for his objection. App. at 43.

6

Young, 470 U.S. 1, 15 (1985)).

LaCroix argues that the Court should have found that the judgments and liens listed in the PSR, in the amount of approximately $40,000, would make it impossible for him to pay the $100,000 fine. Appellant's Br. at 16. We note that the PSR also records that LaCroix's income was about $40,000 per year and that he was expected to be able to return to work upon his release from prison. The Court's imposition of a $100,000 fine on a single individual who owes an amount equal to his annual income, $40,000, is not an error that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Olano, 507 U.S. at 732.

For the foregoing reasons, the Court did not err when it applied the two-level enhancement for obstruction of justice provided in Section 3C1.1 of the Sentencing Guidelines and when it did not find, *sua sponte*, that LaCroix would be unable to pay the $100,000 fine.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Not Precedential Opinion.

/s/ Samuel A. Alito
Circuit Judge