

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2004

# USA v. Bush

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2704

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Bush" (2004). *2004 Decisions.* Paper 840.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/840

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

—————

No. 03-2704

—————

UNITED STATES OF AMERICA,

v.

MELVIN BUSH,

<u>Appellant</u>

—————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00651-1)
District Judge: Hon. Legrome D. Davis

—————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2004

BEFORE: RENDELL, COWEN and LAY*, <u>Circuit Judges</u>

(Filed: April 14, 2004)

—————

OPINION

—————

COWEN, <u>Circuit Judge</u>.

—————

*Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit,
sitting by designation.

Marvin Bush was charged in an indictment with conspiracy to commit armed robbery of a federal credit union, in violation of 18 U.S.C. § 371; armed robbery of a federal credit union, in violation of 18 U.S.C. § 2113(d); using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); and aiding and abetting, in violation of 18 U.S.C. § 2. On February 24, 2003, a jury found Bush guilty of all charges. At sentencing, the District Court added a two-level enhancement under § 3C1.1 of the United States Sentencing Guidelines ("Sentencing Guidelines"). The District Court sentenced Bush to serve a prison term of 155 months, and to pay $29,977.00 in restitution and a $300.00 special assessment. The District Court further sentenced Bush to a five-year period of supervised release, to commence after his term of imprisonment has ended. This appeal followed. The District Court had jurisdiction under 18 U.S.C. § 3231, and we exercise jurisdiction under 28 U.S.C. § 1291.

Bush argues that the District Court should not have applied an enhancement under § 3C1.1, because the prosecution never refuted Bush's testimony that the offending language was not intended to be a threat. While Bush was in custody awaiting sentencing, he sent a letter to his wife, in which he stated, "I will get that prosecutor, Seth Weber, for doing this to me and (SA) Neeson for fucking up our getaway trip for that weekend." (Gov't App. at 1.) The letter was reviewed by Bureau of Prisons personnel, who interpreted this sentence as a threat and notified Assistant United States Attorney Weber. The government then filed a supplemental sentencing memorandum, requesting

2

that the District Court add an obstruction of justice enhancement under § 3C1.1 of the Sentencing Guidelines.

The District Court postponed the sentencing hearing to allow the parties time to brief the issue, and held an evidentiary hearing on June 5, 2003. At the hearing, prosecutors entered a copy of the letter into evidence, and argued that Bush had intentionally written the offending sentence, and that the sentence was reasonably construed as a threat against the prosecutor and the chief prosecution witness. Bush testified and explained that he did not mean the sentence as a threat to anyone, but merely meant to emphasize to his wife that he would prevail on appeal. The District Court did not credit Bush's explanation, and granted the government's request for a two point enhancement.

We review the District Court's factual determination that Bush willfully obstructed or attempted to obstruct justice for clear error, and the District Court's legal interpretations and application of the guidelines under a plenary standard. <u>See</u> <u>United States v. Powell</u>, 13 F.3d 464, 467 (3d Cir. 1997).

Under the Sentencing Guidelines,

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (I) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1. The application notes explain that this adjustment applies to "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." U.S.S.G. § 3C1.1, cmt. n.4(a). The government bears the burden of proof when it seeks an upward adjustment. United States v. Belletiere, 971 F.2d 961, 965 (3d Cir. 1992). It must prove, by a preponderance of the evidence, that "the defendant willfully obstructed or impeded, or willfully attempted to obstruct or impede, the administration of justice." Id

In this case the government produced the letter containing the offending language. Bush concedes that he did write the letter, including the offending language, and acknowledges that the language could be construed as a threat. He argues, however, that the District Court erred in applying § 3C1.1 because the government did not refute Bush's testimony that he did not intend the language as a threat. Although Bush did testify that he meant only to show his wife how confident he was that he would prevail upon appeal, the District Court was not required to accept his explanation. The District Court explained that the words would generally be interpreted as a threat, and that Bush's testimony "does not convince me that [Bush] had an alternate meaning." (Appellant's App. at 33a.) This finding was not clearly erroneous. Accordingly, the District Court did not err in granting the government's request for an enhancement under § 3C1.1.

For the foregoing reasons, the judgment of the District Court entered on June 9, 2003 will be affirmed.