

Villanova University School of Law

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2007

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4415

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Smith" (2007). *2007 Decisions.* Paper 633.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/633

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-4415

UNITED STATES OF AMERICA

v.

RONALD SMITH,

Appellant

Appeal from Judgment of Conviction and Sentence
in the United States District Court
for the Eastern District of Pennsylvania
(Criminal No. 04-cr-00229)
District Judge: Hon. Michael M. Baylson

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 26, 2007

Before: McKEE, ALDISERT, *Circuit Judges*,
and RESTANI,[*] *Judge*

(Opinion Filed August 2, 2007)
_____

OPINION
_____

McKEE, Circuit Judge

Ronald Smith appeals his conviction and sentence for carjacking and related

offenses. For the following reasons, we will affirm the convictions and the judgment of

_____

[*] The Honorable Jane A. Restani, Chief Judge of the United States Court of International
Trade, sitting by designation.

sentence.[1]

Because we write primarily for the parties, we need not recite the underlying facts or procedural history of this case in detail. However, we will briefly summarize the evidence in assessing the claim that the evidence was not sufficient to prove Smith's guilt beyond a reasonable doubt.

## I. Jury Composition

Because Smith failed to timely object to the composition of the jury pool, the District Court properly rejected Smith's request to "re-shuffle" the venire during jury selection. Even absent this procedural deficiency, Smith has failed to establish a *prima facie* case for his challenge to the jury composition.

The appropriate time for challenging the composition of a jury pool in a criminal trial is "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefore, whichever is earlier . . . ." 28 U.S.C. § 1867(a), (e). Smith did not object to the method of jury selection until well after jury selection had begun, and there was no additional information available to Smith after completion of voir dire that was not available to him prior to trial. Thus, Smith did properly assert his "cross section" argument. Moreover, the claim is meritless.

The law only assures that the randomly-selected group of citizens from which

_____

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291; we may review the reasonableness of the sentence pursuant to 18 U.S.C. § 3742.

2

jurors are selected represent a fair cross section of the community. It does not provide a

right to any particular jury composition or ratio. *Taylor v. Louisiana*, 419 U.S. 522, 538

(1975). In *Duren v. Missouri*, 439 U.S. 357 (1979), the Supreme Court explained that a

defendant who seeks to establish a violation of the fair cross section requirement for jury

composition must establish:

> (1) that the group alleged to be excluded is a "distinctive" group in the community;
> (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and
> (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Id.* at 364. Statistical evidence establishing the disparity between a group's representation

in the jury pool and the percentage of the community composed of the group allegedly

underrepresented in the jury pool must usually be presented to satisfy the *Duren* test.

*United States v. Weaver*, 267 F.3d 231, 240 (3d Cir. 2001). That "competent statistical

evidence" should be based on an examination of jury selection practices in a district over

a prolonged period of time. *Id.* at 236. Smith has not even attempted to satisfy that

requirement.[2]

## II. Sufficiency of the Evidence

---

[2] Moreover, we note that the plan employed by the Eastern District of Pennsylvania to select jurors using voter registration lists has been repeatedly affirmed, and Smith does not directly challenge the jury selection method used by the district. *See, e.g.*, *United States v. Mortimer*, 1999 WL 504560, at *2 (E.D. Pa. July 14, 1999); *United States v. Ortiz*, 897 F.Supp. 199, 204 (E.D. Pa. 1995). We have affirmed the validity of jury selection procedures using voter registration and motor vehicle records as procedures "constituted using facially neutral criteria [that] allow no opportunity for subjective or racially motivated judgments." *Ramseur v. Beyer*, 983 F.2d 1215, 1233 (3d Cir. 1992).

Smith argues that the sufficiency and weight of the evidence was insufficient to support his conviction on all of the charges. The assertion is frivolous. The victim testified that Smith pointed a gun at him as Smith ordered the victim out of his car. The victim stated that he thought Smith would shoot him and was thus in fear for his life. Smith then drove away in the victim's car. Unfortunately for Smith, when the police found the victim's car, Smith was driving it. Smith got out and attempted to run away. In the process police saw him throw the gun and the victim's wallet to the ground. While still at the scene of the incident, the victim positively identified Smith as the carjacker. Smith stipulated at trial that he had been a convicted felon at the time of his arrest.

We review the sufficiency of the evidence in the light most favorable to the government as verdict winner. *See United States v. Stanisfield*, 101 F.3d 909, 911 (3d Cir. 1996). We sustain the conviction if the evidence so viewed would allow "any rational trier of fact [to] have found the essential elements of the crime beyond a reasonable doubt" *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (quoting *United States v. Voight*, 89 F.3d 1050, 1080 (3d Cir. 1996)) (quotation marks and citation omitted).

Because Smith failed to file timely motions either for a judgment of acquittal under Federal Rule of Criminal Procedure 29 or for a new trial under Rule 33, we review the sufficiency of the evidence under a plain error standard. *See United States v. Powell*, 113 F.3d 464, 466-67 (3d Cir. 1997). To establish plain error Smith must show that (1) the court erred, (2) the error was "plain," and (3) the error affected substantial rights that

4

would affect the outcome of the proceedings. *Johnson v. United States*, 520 U.S. 461, 467 (1997).

It is obvious that the evidence here is more than sufficient to establish each of the elements of 18 U.S.C. § 2119 (carjacking) beyond a reasonable doubt, and Smith's arguments to the contrary to not merit discussion.[3] The same is true of his Smith's challenge to his conviction for using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924,[4] and unlawful possession of a firearm in violation of 18

---

[3]  Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall –

(1) be fined under this title or imprisoned not more than 15 years, or both,
(2) if serious bodily injury . . . results, be fined under this title or imprisoned not more than 25 years, or both, and
(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

18 U.S.C. § 2119; *see United States v. Lake*, 150 F.3d 269, 272 (3d Cir. 1998) ("Under the carjacking statute, 18 U.S.C. § 2119, the prosecution must prove that the defendant (1) 'with intent to cause death or serious bodily harm' (2) took a motor vehicle (3) that had been 'transported, shipped, or received in interstate or foreign commerce' (4) 'from the person or presence of another' (5) 'by force and violence or by intimidation.'").

[4]   Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime  -

(I) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less

5

U.S.C. § 922(g)(1).[5]

Smith asks that his convictions be reversed because testimony at trial "could not have been truthful." Appellant's Br. at 7. He provides two bases for the supposed lack of credibility of the victim's testimony, neither of which has any merit. Smith questions whether someone who supposedly knew little about firearms could "guess" that the gun used during the carjacking was a nine millimeter. Smith also challenges the victim's assertion that he had not seen Smith before. Smith fails to provide any reference to the record that would indicate that this testimony was untruthful. Smith also fails to explain why this testimony was false or inconsistent.[6] Instead, Smith makes the unsupported and conclusory claim that "the incredible tales told by the government's witness rise to a level

---

> than 7 years;
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A); *see Bailey v. United States*, 516 U.S. 137, 142-43 (1995) (outlining the elements of a 18 U.S.C. § 924 charge).

[5] It shall be unlawful for any person –

> (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; . . .

> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g).

[6] Common sense would allow the jury to conclude that exposure to televison and other sources of information was sufficient to allow the victim to claim that the gun was a nine millimeter; perhaps simply based on the realization that it wasn't a revolver.

6

far beyond inconsistency." Appellant's Br. at 8. Despite the hyperbole, he has not demonstrated any error, let alone the plane error that is required.

### III. Prior Convictions and the Sentence.

Smith argues that the court erred in calculating the sentencing range under the guidelines because "[T]he majority of [his] prior convictions were not proven to a jury beyond a reasonable doubt, thus violating *Apprendi*,"[7] and because the sentence was unreasonable. The first part of that argument can readily be dismissed based upon our subsequent ruling in *United States v. Grier*, 475 F.3d 556 (3d Cir. 2007) (*en banc*).[8] Smith's challenge to the reasonableness of the sentence also lacks merit.

Smith has the burden of establishing that his sentence was unreasonable. *United States v. Booker*, 543 U.S. 220, 261 (2005); *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006). In determining an appropriate sentence, the sentencing court must consider the factors set forth in 18 U.S.C. § 3553(a). We assess whether the sentencing court's application of the § 3553(a) factors to the circumstances of the case was reasonable. *Cooper*, 437 F.3d at 330. A sentence within the guidelines range is more likely to be considered "reasonable" than one outside the range, *id.* at 331, although a guidelines sentence is not *per se* reasonable.

Here, the District Court expressly considered the factors in Section 3553(a) as set

---

[7] Appellant's Br. at ii. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[8] Smith candidly admits that the argument is made merely to preserve the record given the "rapidly- evolving sentencing law. . .." Appellant's Br. at 9.

forth in *Booker*. App. 79. The court noted Smith's prior violent criminal history, including two prior convictions for robberies committed with a firearm, his history of violating the conditions of parole and probation, and his having been out of prison for only six months when he committed the instant offense. Moreover, and perhaps not surprisingly given his criminal history, Smith expressed no remorse for his criminal actions. The District Court could find no mitigating circumstances that might suggest a lesser sentence of imprisonment prison was warranted; neither can we.

## VI.

For the reasons stated above, we will affirm the conviction and sentence.