**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 17-1348 and 17-1349
_____

UNITED STATES OF AMERICA

v.

DAVID THOMAS,
aka David Thompson,
            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cr-00370-001)
(D.C. No. 2-15-cr-00443-001)
District Court Judge: Honorable Gerald A. McHugh

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
December 11, 2018

_____

Before: SMITH, *Chief Judge*[1], McKEE and FISHER, *Circuit Judges*

(Opinion filed: October 31, 2022)

_____

---

[1] Judge Smith was Chief Judge at the time this appeal was submitted. Judge Smith completed his term as Chief Judge and assumed senior status on December 4, 2021.

_____

McKEE, *Circuit Judge*.

David Thomas appeals the judgments of sentence that were imposed following his guilty plea to armed bank robbery and related offenses. For the reasons that follow, we will affirm the sentences that were imposed.[2]

Thomas argues that the district court erred in applying a sentencing enhancement for obstruction of justice because he counseled his then-girlfriend, co-defendant Lane, to lie about her involvement in the robberies.[3] Thomas acknowledges that Lane testified that he told her to lie, but argues that because the lie did not relate to his own sentencing, he is not eligible for the enhancement.[4] This argument relies on a misreading of U.S.S.G. § 3C1.1, which provides for the enhancement where "the defendant willfully obstruct[s] . . . the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" or a "closely related offense."[5] The commentary to

_____

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

[2] The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[3] Appellant's Br. 18 (acknowledging that "Lane testified that Mr. Thomas had encouraged her, in the context of her criminal case, to 'just take the minor role' and admit that 'you had knowledge of nothing'").

[4] *Id*. at 18–19.

[5] Sentencing Guideline § 3C1.1 states in full:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation,

Guideline § 3C1.1 notes that a co-defendant's case is a "closely related" case.[6] The commentary also includes "unlawfully influencing a co-defendant [to obstruct justice]"[7] and "committing, suborning or attempting to suborn perjury"[8] as examples of conduct that are covered by the Guideline. Thomas' argument is further foreclosed by our decision in *United States v. Powell*.[9]

Thomas's second argument is that the court erred in applying a leadership enhancement for the June 2 and June 30 robberies because the record does not support a finding that he was the leader. The district court's conclusion, however, is supported by the record. Alvin Johnson testified that Thomas was the leader and organizer of both the June 2 and June 30 robberies. Although the court did not elaborate as to the reasons for the enhancement, given this record, it did not need to. The court's thorough questioning during the sentencing hearing satisfies us that the court carefully considered whether the enhancement was appropriate and correctly concluded that it was justified given the testimony.

Finally, Thomas concedes that his third argument that the court erred in applying the mandatory minimum under 18 U.S.C. § 924(c)(3) for the use of a firearm during a

---

prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

[6] U.S.S.G. § 3C1.1, cmt. n.1.
[7] *Id*. cmt. n.4(A).
[8] *Id*. cmt. n.4(B).
[9] 113 F.3d 464, 468–69 (3d Cir. 1997).

crime of violence fails because it is foreclosed by our decision in *United States v. Robinson.*[10]

Accordingly, for the reasons stated above, we will affirm the judgments of the district court.

---

[10] 844 F.3d 137, 139 (3d Cir. 2016). *See also U.S. v. Johnson*, 899 F.3d 191, 203–04 (3d Cir. 2018).