

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2003

# USA v. Walker

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3687

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Walker" (2003). *2003 Decisions.* Paper 374.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/374

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 02-3687
_____

UNITED STATES OF AMERICA,

v.

MICHAEL WALKER,
                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 99-cr-00089)
District Judge: Honorable James F. McClure, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
June 26, 2003

Before:  SLOVITER, AMBRO, Circuit Judges, and TUCKER,* District Judge

(Filed: July 11,  2003)
_____

OPINION OF THE COURT

_____

* Hon. Petrese B. Tucker, United States District Court for the Eastern District of
Pennsylvania, sitting by designation.

1

SLOVITER, <u>Circuit Judge</u>.

Appellant Michael Walker appeals from the judgment of sentence imposed following his guilty plea for possession with intent to distribute in excess of five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 18 U.S.C. § 2. Walker contends that the District Court erred by sentencing him as a career offender, denying him a downward adjustment for acceptance of responsibility, and precluding him from litigating, for the purpose of sentencing, the quantity of drugs he was charged with possessing. We have jurisdiction to review a district court's final sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we now affirm.

Because we write only for the parties who are aware of the relevant facts, we need review them only summarily.

I.

Walker, a passenger in a vehicle on Interstate 80, was arrested on March 15, 1999 by the Pennsylvania State Police who, after a consent search of the vehicle, found 13.6 grams of cocaine base (crack) and 110.3 grams of cocaine that Walker admitted were his. In course, Walker and the two other men in the car were indicted on federal drug offenses.

Two months later, Walker and a colleague were discovered in a motel in South Williamsport with 13.7 grams of crack cocaine in plain view. On June 9, 1999, a grand jury returned a four-count Second Superseding Indictment for federal drug charges

2

against Walker and his co-defendants. After withdrawing one guilty plea on July 6, 2000 in the wake of Apprendi, Walker pled guilty on March 1, 2001 to Count II of the Second Superseding Indictment, which charged him with possession with intent to distribute in excess of five grams of crack cocaine. Walker admitted to the material facts of the offense several times during his colloquy with the judge.

The Pre-Sentence Investigative Report noted that, due to several convictions from the Philadelphia Court of Common Pleas, Walker qualified as a career offender. Walker moved to withdraw his guilty plea after the report was compiled but the District Court denied the motion on December 10, 2001. Walker also moved to have the drugs independently tested to confirm that they were crack cocaine. The District Court denied this motion on March 5, 2002 and ordered that Walker would not be granted a reduction in the offense level for acceptance of responsibility because he had made a false assertion that the drug in question was not crack. The District Court sentenced Walker to 262 months incarceration, the minimum allowed under the sentencing guidelines without a downward departure.

## II.

Walker argues that the District Court erred by treating him as a career offender pursuant to the United States Sentencing Guidelines § 4B1.1. One of the two offenses that qualified him as a career offender, possession with intent to deliver cocaine base, resulted from an arrest on December 3, 1991. The other, delivery of cocaine base and

3

possession of cocaine base, resulted from an arrest on December 16, 1994. Walker contends these two were related cases under § 4A1.2 of the Sentencing Guidelines because they were "were consolidated for trial or sentencing" and he was sentenced by the Court of Common Pleas for both in one hearing on June 21, 1996.

This Court exercises plenary review over a district court's legal construction of the Sentencing Guidelines. United States v. Badaracco, 954 F.2d 928, 933 (3d Cir. 1992). Walker cites no authority other than note 3 to § 4A1.2 of the Sentencing Guidelines to support his claim that these offenses were related. That note reads in relevant part:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

United States Sentencing Guidelines Manual § 4A1.2, cmt. n.3 (2002).

Because Walker's two offenses were separated by an intervening arrest and more than three years, Walker's case falls squarely under the scope of the first sentence of the note and the offenses are not considered related despite their having been consolidated for sentencing.

This court decided this issue in United States v. Hallman, 23 F.3d 821 (3d Cir. 1994). In that case, as here, the appellant argued that his previous offenses were related because they were consolidated for sentencing. We rejected that contention and held that consolidated sentencing for previous offenses does not make them related where

4

a defendant was arrested at different times for the offenses.  Id. at 825.  Applying

Hallman here, we hold that the District Court did not err in treating Walker as a career

offender.

III.

Walker next challenges the District Court's denial of his request for a two-level

downward adjustment for acceptance of responsibility.  After Walker pled guilty to

possessing at least five grams of crack cocaine with intent to distribute, he requested

independent testing of the composition of the drugs.  The District Court held that

Walker's plea, and his multiple admissions during his colloquy that the controlled

substance was crack, provided a sufficient basis for the court to find that the controlled

substance was in fact crack cocaine.  It was the court's view that, by contesting this

finding for purposes of sentencing, Walker had falsely denied relevant conduct, thereby

demonstrating that he did not accept responsibility.

We review a district court's factual determination with respect to acceptance of

responsibility under a clearly erroneous standard.  United States v. Muhammad, 146 F.3d

161, 167 (3d Cir. 1998); see also United States Sentencing Guidelines Manual § 3E1.1,

cmt. n.5 (2002) ("The sentencing judge is in a unique position to evaluate a defendant's

acceptance of responsibility.  For this reason, the determination of the sentencing judge is

entitled to great deference on review.").

Walker's plea and his admissions of possessing crack cocaine during his colloquy

5

provided the District Court with ample grounds to conclude that the substance in Walker's possession was crack cocaine. See United States v. Faulks, 143 F.3d 133, 138-39 (3d Cir. 1998) (holding that a voluntary plea constitutes an admission of all material facts alleged in the indictment); United States v. Powell, 113 F.3d 464, 470 (3d Cir. 1997) (finding that a plea and admissions during a colloquy provided district court with sufficient evidentiary basis for factual determination).

When Walker requested an independent test of the composition of the drugs, he contested a fact that the court had properly determined to be true. A guilty plea does not create an entitlement to a reduction for acceptance of responsibility. United States v. Ortiz, 878 F.2d 125, 128 (3d Cir. 1989). Under note 1(a) to the Sentencing Guidelines §3E.1.1, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." In other cases in which defendants have contested a trial court's factual findings, we have upheld the district courts' decisions to deny a reduction of responsibility. See, e.g., United States v. Price, 13 F.3d 711, 735 (3d Cir. 1994) (holding that a defendant who contested factual findings did not accept responsibility); Ortiz, 878 F.2d at 128 (holding that a defendant who would not accept the facts presented against him after a guilty plea had not accepted responsibility). Thus, the District Court in this case was clearly within its discretion to deny Walker a reduction in sentencing for acceptance of responsibility.

6

IV.

Walker next complains of the District Court's decision to deny him the opportunity to litigate the amount of drugs he possessed for purposes of sentencing. There is no basis for this contention. The District Court sentenced Walker based on his guilty plea and his status as a career offender. Walker's plea and admissions during his colloquy provided a sound evidentiary basis for the District Court to conclude that he possessed in excess of five grams of crack cocaine. The Government stipulated that, for purposes of sentencing, Walker possessed the minimum quantity punishable under the statute. It was Walker's status as a career offender, not the quantity of drugs he possessed in excess of five grams, that raised his sentencing level to 34. Walker's reliance on Apprendi for his argument is groundless because his penalty was not increased beyond the statutory maximum of forty years and because it was based on prior convictions, which need not be proved beyond a reasonable doubt for sentencing. Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

V.

Finally, Walker argues that the District Court erred by not resolving all disputed matters. Once again there is no basis for this claim. The District Court heard Walker's arguments on every issue he raised both prior to and during the sentencing hearing, including whether he was a career offender under the sentencing guidelines, whether he had lost his acceptance of responsibility downgrade, and whether the parties could litigate the amount of drugs. The District Court had sound legal and factual bases for its findings

on these issues.  We reject Walker's argument to the contrary.

VI.

For the reasons set forth, we will affirm the judgment of sentence.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/Dolores K. Sloviter
Circuit Judge