DLD-238                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1817
_____

IN RE:  MICHAEL WALKER,
                                                         Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 4-99-cr-00089-003)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 11, 2015
Before: FISHER, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 17, 2015)
_____

OPINION[*]
_____

PER CURIAM

Michael Walker, proceeding pro se, has filed a petition for a writ of mandamus.

For the following reasons, we will deny the petition.

On March 1, 2001, Walker pleaded guilty in the District Court to possession with

intent to distribute in excess of five grams of crack cocaine in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(B)(iii).  At sentencing, the District Court determined that Walker

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

was a career offender and sentenced him to 262 months of imprisonment, followed by four years of supervised release. We affirmed the conviction and sentence. United States v. Walker, 69 F. App'x 546 (3d Cir. 2003) (not precedential). Walker was unsuccessful on collateral review, and in his initial motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c).

In November 2014, Walker filed a second motion pursuant to § 3582(c) seeking retroactive application of Amendment 782 to the United States Sentencing Guidelines.[1] Appointed counsel sought to withdraw on the ground that Walker was not eligible to seek a reduced sentence based upon retroactive application of Amendment 782 because it did not lower the Guidelines ranges for career offenders like Walker. The District Court granted counsel's motion to withdraw, and informed Walker that it would consider his uncounseled § 3582(c) motion and "supplement" thereto.

Walker then filed in this Court a petition for a writ of mandamus asking us to grant his § 3582(c) motion and re-sentence him "without the career offender enhancement." Approximately three weeks later, the District Court denied Walker § 3582(c) relief. Walker's mandamus petition is presently before us.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.

---

[1] Amendment 782 to the Guidelines, which went into effect on November 1, 2014, and has been applied retroactively, reduced by two the base offense levels assigned to specific drug quantities. See U.S.S.G. supp. app. C., amend. 782 (2014).

2

2005). To obtain the writ, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and alteration omitted).

We will deny the petition. As previously noted, Walker submitted this mandamus petition to us before the District Court ruled on his § 3582(c) motion, and asked us to grant that motion. This Court may not rule on a motion pending before a district court. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (providing that a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the relief he seeks). To the extent that Walker's mandamus petition can be construed as seeking an order compelling the District Court to rule on his then-pending § 3582(c) motion, we note that the District Court has since denied § 3582(c) relief, rendering such request moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

Accordingly, the petition for a writ of mandamus is denied.

3