

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2004

# USA v. Kobold

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1800

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Kobold" (2004). *2004 Decisions.* Paper 36.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/36

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1800
_____

UNITED STATES OF AMERICA,

v.

MICHAEL KOBOLD,

Appellant

_____

Appeal from the United States District Court
For the Western District of Pennsylvania
D.C. No.: 03-cr-00010
District Judge: Honorable Joy F. Conti
_____

Submitted Under Third Circuit LAR 34.1(a) December 13, 2004

Before: NYGAARD, ROSENN, and BECKER, Circuit Judges

(Filed        December 23, 2004                )
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Defendant Michael Kobold ("Kobold") was tried to a jury in the United States

District Court for the Western District of Pennsylvania, and convicted on one count of

willfully making false statements, in violation of 18 U.S.C. § 1001. On this timely

appeal, Kobold raises three issues: (1) whether the evidence adduced at trial was sufficient to support his conviction; (2) whether he was unduly prejudiced by the closing statements of his co-defendant's counsel; and (3) whether his trial counsel rendered ineffective assistance by, <u>inter alia</u>, failing to move for a judgment of acquittal and failing to object to the closing remarks of co-defendant's counsel. We affirm the judgment of conviction and sentence imposed by the District Court.

## I.

Because the facts are known to the parties and counsel, we briefly refer only to the salient facts pertinent to the issues raised. Kobold, born and raised abroad, was educated internationally. In 2002, he earned a bachelor of science degree in economics from Carnegie Mellon University, in Pittsburgh, Pennsylvania. Kobold operates a company that he founded, which designs and manufactures watches. He also works in his father's business, which designs and manufactures instruments for industrial applications. He also presides over a non-profit organization of his creation, the Kobold Foundation.

Although not a law enforcement officer, Kobold apparently has an interest in law enforcement. His conviction stems from his illicit use of a constable's badge to gain access to a secured area of the Pittsburgh International Airport reserved for ticketed passengers only. When questioned by a federal customs inspector about his presence in this area without a ticket, Kobold produced a Pennsylvania constable's badge, and responded that he was a Pennsylvania constable. He explained that he had recently lost

his constable's identification and Pennsylvania driver's license in the course of making an arrest.

## II.

Kobold concedes that he has failed to preserve his first two claims that: (1) the evidence was insufficient to sustain the jury's verdict and (2) the closing statements of co-defendant's counsel were unduly prejudicial. Thus, we review these claims for plain error. United States v. Powell, 113 F.3d 464, 466-67 (3d Cir. 1997); United States v. Sandini, 888 F.2d 300, 309 (3d Cir. 1989). To demonstrate plain error, Kobold must show that: (1) there was an error; (2) the error was clear; (3) it affected "substantial rights"; and (4) it "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." Johnson v. United States, 520 U.S. 461, 467 (1997) (citations omitted). Kobold has not satisfied this burden.

We apply a particularly deferential standard of review when we consider whether a jury verdict is supported by legally sufficient evidence. United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998). The evidence is viewed in the light most favorable to the government, and we will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. (quoting United States v. Voigt, 89 F.3d 1050, 1080 (3d Cir. 1996), in turn quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (internal citation omitted). The evidence against Kobold, including his own admissions, is more than sufficient to support the jury verdict. It is undisputed that

Kobold was never actually a constable or deputy constable. It is also undisputed that Kobold never possessed a Pennsylvania driver's license. At trial, Kobold admitted that he identified himself as a law enforcement officer, displayed his constable's badge, and explained that he lost his constable's identification while effectuating an arrest. Kobold denied telling the customs inspector that he had a Pennsylvania driver's license, but admitted that he falsely told the inspector that he misplaced his driver's license. Other evidence produced at trial, including the testimony of the federal customs inspector who questioned Kobold, amply supports the jury's guilty verdict.

Further, because the jury was presented with sufficient evidence of Kobold's guilt, we reject his claim that he suffered undue prejudice as a result of the closing remarks of counsel for his co-defendant.

Kobold also argues that he received ineffective assistance of counsel. As a general rule, we will not entertain ineffective assistance of counsel claims on direct review. Rather, we "defer the issue of ineffectiveness of trial counsel to a collateral attack," so that the record can be adequately developed with facts necessary to decide such claims. United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003); see also Massaro v. United States, 538 U.S. 500, 504-05 (2003). Therefore, Kobold's ineffective assistance of counsel claim must abide the determination of the court in the event he raises it in a collateral proceeding pursuant to 28 U.S.C. § 2255.

For the foregoing reasons, we affirm the judgment of conviction and sentence.

4