

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2007

# USA v. Lott

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4968

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Lott" (2007). *2007 Decisions.* Paper 588.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/588

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-4968

———————

UNITED STATES OF AMERICA

v.

AQUIL LOTT,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 04-cr-00786)
District Judge: Hon. Harvey Bartle, III

———————

Submitted under Third Circuit LAR 34.1(a)
on March 29, 2007

Before:  FISHER, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed:  August 15, 2007)

———————

OPINION

———————

**ROTH,** <u>Circuit Judge:</u>

A jury found Aquil Lott guilty of one count of possession with the intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count I); one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count II)[1]; and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count III). Although he did not move for a judgment of acquittal, Lott now asks this Court to set aside the jury's verdict on Count II based on insufficiency of the evidence. In the alternative, although he did not object to the jury charge, Lott asks for a new trial on Count II based on the District Court's allegedly erroneous instructions with regard to § 924(c)(1)(A). Finding no plain error, we will affirm Lott's conviction.

## I. BACKGROUND

At Lott's trial, Philadelphia Police Officer Perry Betts testified that he saw Lott engage in three illegal drug transactions during the evening of November 11, 2003, at the corner of 17th and Latona Streets in Philadelphia. While conducting plainclothes surveillance with his partner, Officer Jeffrey Galazka, Officer Betts observed a heavyset woman hand Lott cash in exchange for objects retrieved from a clear plastic bag that Lott took from his jacket pocket. This transaction occurred approximately 10 feet from the

---

[1]Count II of the indictment actually stated that Lott "knowingly *possessed* a firearm . . . during and in relation to a drug trafficking crime . . .." Indictment at 2 (emphasis added). As will be discussed below, the word "possessed" should have been replaced with the word "carried," in order to precisely track the relevant statutory language of 18 U.S.C. § 924(c)(1)(A), but no objection has been presented and any error is harmless.

2

officers' surveillance vehicle. Later, Officer Betts observed Lott conduct two similar transactions with two men. Officer Betts believed each of the transactions involved narcotics. Officer Galazka accordingly radioed for backup assistance.

Officer Betts testified that Lott fled the area when the backup officers arrived on the scene. During the chase that ensued, Officer Betts saw Lott remove his jacket and throw it to the ground. This occurred approximately 10 feet from where Officer Betts was positioned. Officer Galazka and one of the backup officers, Sergeant William Torpey, also testified that they saw Lott discard his jacket. Sergeant Torpey testified that he recovered, from the pocket of Lott's discarded jacket, a firearm magazine clip loaded with 13 live rounds and a clear plastic bag containing 176 ziploc packets of crack cocaine. The net weight of the crack cocaine recovered from Lott's jacket was approximately 22.5 grams.

Officer Galazka testified that he immediately started to chase Lott on foot when Lott tried to flee. From a distance of approximately 35 feet, Officer Galazka saw Lott pull a firearm from his waistband and throw it under a parked car. Officer Galazka's view of Lott at this time was clear and unobstructed. The street was lit by streetlights. Officer Galazka saw the gun being tossed and also heard it hit the pavement. Because there were no civilians in the immediate area who might pick up the discarded gun, Officer Galazka continued to pursue Lott until he finally apprehended him in the backyard of a home on the 1400 block of South 17th Street. The police seized $144.00 from Lott at the time of his arrest. The gun that Lott had discarded was recovered. It was identified as a nine millimeter semi-automatic pistol, loaded with 15 rounds in the magazine clip and one round in the chamber. The loaded

3

magazine found in Lott's jacket fit and functioned in the firearm that Lott had discarded.

Detective Christopher Lee, who was qualified as an expert witness, testified that the quantity of drugs in this case, their separate packaging, and Lott's carrying of a firearm were all factors that, in Detective Lee's expert opinion, were consistent with drug dealing. Detective Lee also testified that, because drug dealers sometimes are targets of robberies, drug dealers carry firearms "to protect themselves, to protect their drugs, to protect their reputation, 'cause if you have a reputation of you're out there selling drugs and you always have cash and you don't have a way to protect yourself, you're gonna be robbed repeatedly."

During the defendant's case, Barbara Baker, Lott's mother, testified on her son's behalf. Among other things, she testified that she never had seen her son wear the jacket which the police observed Lott discarding as he fled from them.

The jury found Lott guilty on all counts. The District Court imposed a sentence of 120 months imprisonment on Counts I and III, to run concurrently, and 60 months imprisonment on Count II, to run consecutively to the 120-month sentence, as required by statute. This timely appeal followed.

## II. DISCUSSION

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291.

Because Lott did not preserve either issue now raised on appeal, we review both for plain error. To establish plain error, Lott must prove that (1) there was error, i.e., a deviation from a legal rule, (2) the error is clear under the law at the time of appellate review, and (3)

4

the error affected substantial rights, i.e., affected the outcome of the proceedings. *See Johnson v. United States*, 520 U.S. 461, 467-68 (1997); *United States v. Olano*, 507 U.S. 725, 732-35 (1993). If all three elements are established, we may exercise our discretion and award relief, *Johnson*, 520 U.S. at 467, but only if the defendant is "actually innocent" or the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736.

We review the sufficiency of the evidence to support a conviction in the light most favorable to the government. *United States v. Stanisfield*, 101 F.3d 909, 911 (3d Cir. 1996). The court is required to sustain the conviction "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). This "particularly deferential" standard of review, *id.*, is even more deferential under plain error review, *see United States v. Powell*, 113 F.3d 464, 467 (3d Cir. 1997).

There is no doubt that the evidence presented at trial, as summarized above, is sufficient to support Lott's conviction on Count II, particularly under plain error review. The only complication relates to an unfortunate discrepancy in the indictment which persisted throughout these proceedings. Count II of the indictment charged that Lott "knowingly possessed a firearm . . . during and in relation to a drug trafficking crime . . .." This allegation, however, did not track the statutory language. Under 18 U.S.C. § 924(c)(1)(A), an offender either "uses" or "carries" a firearm "during and in relation to" a drug trafficking offense, or "possesses" a firearm "in furtherance of" such an offense. As the facts of this

5

case clearly demonstrate, the indictment should have charged Lott with *carrying*, rather than merely *possessing*, a firearm during and in relation to a drug trafficking offense. The imprecision in the indictment was replicated by the District Court in its charge to the jury.

However, Lott never objected to this error, and he does not do so on appeal, *i.e.*, he does not argue that the term "possessed" should have been replaced with the term "carried." (Lott also does not argue that the phrase "during and in relation to" should have been replaced with the phrase "in furtherance of.") Rather, Lott argues that the District Court failed to instruct the jury that a conviction under § 924(c)(1)(A) requires a showing of possessing a firearm *in relation to* a drug trafficking crime, as opposed to simple possession that happened to occur while drug transactions were being made. It is clear, however, that the District Court adequately instructed the jury on the "in relation to" element of § 924(c)(1)(A).[2]

Moreover, the government's error in charging possession instead of carrying (and the District Court's reproduction of this error in its charge to the jury) was harmless, as the evidence clearly supports Lott's conviction on Count II for carrying a firearm during and in relation to a drug trafficking crime. *Cf. United States v. Tykarsky*, 446 F.3d 458, 474 n.10 (3d Cir. 2006) ("'Failure to allege the statutory elements will not be fatal provided that

_____

[2] Lott argues that the District Court failed to instruct the jury that a conviction under § 924(c)(1)(A) requires a showing of possessing a firearm *in relation to* a drug trafficking crime, as opposed to simple possession that happened to occur while drug transactions were being made. Our review of the jury charge, however, convinces us that the District Court did adequately charge the jury on the "in relation to" element of § 924(c)(1)(A).

6

alternative language is used or that the essential elements are charged in the indictment by necessary implication.'") (citing *Gov't of the Virgin Islands v. Moolenaar*, 133 F.3d 246, 249 (3d Cir.1998)).

## III. CONCLUSION

For the foregoing reasons, we will **AFFIRM** the District Court's judgment of conviction. Lott's pro se motion for leave to file a supplemental pro se brief is denied pursuant to Local Appellate Rule 31.3.