DLD-262                                                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1429
_____

UNITED STATES OF AMERICA

v.

AQUIL LOTT,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 2:04-cr-00786)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted for Possible Dismissal as Untimely or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 23, 2012
Before:  AMBRO, JORDAN AND VANASKIE, Circuit Judges

(Opinion filed: August 28, 2012)
_____

OPINION
_____

PER CURIAM

      Aquil Lott appeals the judgment of the District Court, which granted in part and

denied in part his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).  We will

summarily affirm because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6.[1]

## I.

On June 23, 2005, Lott was convicted by a jury for possession with intent to distribute cocaine (crack), 21 U.S.C. §§ 841(a)(1), (b)(1)(A); carrying a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Lott was sentenced on October 31, 2005, to an aggregate term of 180 months' imprisonment. Lott appealed, and this Court affirmed. United States v. Lott, 240 F. App'x 992 (3d Cir. 2007).

Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the federal sentencing guidelines, the District Court resentenced Lott on August 19, 2008, to a reduced aggregate sentence of 163 months' imprisonment. Lott filed a pro se motion to vacate, set aside, or correct sentence on October 6, 2008, which the court denied on October 14, 2008.

Lott filed a pro se motion for reconsideration of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the sentencing guidelines on September 22, 2011, and a counseled supplemental motion on November 30, 2011. In these motions, Lott sought a further reduction in his sentence, seeking a new aggregate sentence below the minimum

---

[1] On July 19, 2012, the Court advised the parties that this matter would be considered for possible summary action and granted the parties twenty-one days to submit written argument. The parties have not responded.

amended guideline range.  The motions were granted in part and denied in part on January 20, 2012, resulting in a further three-month reduction in Lott's aggregate sentence.  This new aggregate sentence represented the minimum of the amended guideline range for his offenses.  Lott filed a pro se notice of appeal on February 10, 2012.[2]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review de novo the District Court's legal interpretation of relevant statutes and guidelines, and we review for abuse of discretion the District Court's ultimate ruling on a motion to reduce a sentence pursuant to § 3582(c)(2).  See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

---

[2] The court did not grant Lott an extension of time to file his notice of appeal. Fed. R. App. P. 4(b)(4). Therefore, Lott was required to file a notice of appeal within fourteen days after entry of the order. Fed. R. App. P. 4(b)(1)(A).  Despite the benefit of the prison mailbox rule, Houston v. Lack, 487 U.S. 266, 276 (1988); Fed. R. App. P. 4(c), by which Lott is deemed to have filed a notice of appeal on February 10, 2012, his notice of appeal is untimely.  Recent precedent has "revise[d] our prior jurisdictional view of Rule 4(b)." Gov't of V.I. v. Martinez, 620 F.3d 321, 327 (3d Cir. 2010).  Rule 4(b) is a non-jurisdictional but "rigid" deadline. Id. at 328.  "Upon proper invocation of the rule when a notice of appeal is filed out of time, we must dismiss the appeal." Id. at 328-29.  On February 24, 2012, this Court sent a letter advising Lott that his appeal would be submitted for possible dismissal for lack of timeliness and directed the parties to submit any written response to the letter within 21 days.  The Government did not respond, and therefore, it has forfeited any available untimeliness argument. Id. at 329.

III.

Section 3582(c)(2) grants a sentencing court discretion to reduce the prison term of a defendant who "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission … [provided] a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Except in limited circumstances, a sentencing court may not reduce a sentence "to a term that is less than the minimum of the amended guideline range." Dillon v. United States, 130 S. Ct. 2683, 2688-89 (2010).

Amendment 750 to the sentencing guidelines reduced the base offense levels for most crack cocaine offenses, and was made retroactive effective November 1, 2011. See U.S.S.G. app. C, amend. 750 (effective Nov. 1, 2011); U.S.S.G § 1B1.10. However, Section 1B1.10 does not permit a sentencing court to reduce a defendant's term of imprisonment below the minimum of the amended guideline range absent a government motion seeking such a reduction due to the defendant's substantial assistance to authorities at the time of the original sentencing. U.S.S.G. § 1B1.10(b)(2).

Here, the District Court granted Lott's motion seeking a further reduction in his sentence to the extent that Lott's new aggregate sentence represents the minimum of the amended guideline range. The sentencing guidelines require that any further reduction is supported by a government motion, filed contemporaneous with Lott's original sentencing, that reflect his substantial assistance to the authorities. U.S.S.G. §

4

1B1.10(b)(2).  No such motion exists.  Accordingly, Lott is entitled to no further reduction in his sentence.

## VI.

For the foregoing reasons, we will summarily affirm the judgment of the District Court.