

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2009

# USA v. Charles Knighton, Sr

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1195

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"USA v. Charles Knighton, Sr" (2009). *2009 Decisions.* Paper 1991.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1991

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1195
_____

UNITED STATES OF AMERICA

v.

CHARLES EDWARD KNIGHTON, SR.,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 07-cr-00545-1)

District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 9, 2009

Before: FUENTES, FISHER and ALDISERT, Circuit Judges

(Filed: January 23, 2009)

_____

OPINION OF THE COURT
_____

ALDISERT, <u>Circuit Judge.</u>

This appeal by Charles Edward Knighton, Sr., requires us to determine whether the

District Court for the District of New Jersey erred in applying a two-level sentence enhancement for obstruction of investigation pursuant to U.S.S.G. § 3C1.1.[1] Prior to sentencing, Knighton pleaded guilty to an information containing one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2.

We must decide whether the District Court clearly erred in concluding that Knighton willfully obstructed the FBI investigation into his possession of child pornography when he turned on a home computer with an automatic "washing" program that deleted temporary digital files from the hard drive upon startup, and failed to inform agents that the washing program had been activated. This occurred after FBI agents arrived at Knighton's home and explained that they were there to investigate his possible possession of child pornography, and Knighton had admitted downloading and printing digital images of child pornography from the computer. We hold that the District Court

---

[1] U.S.S.G. § 3C1.1 provides:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1. The Application Notes list an example of such obstruction as:

> destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding (e.g., shredding a document or destroying ledgers upon learning that an official investigation has commenced or is about to commence), or attempting to do so[.]

U.S.S.G. § 3C1.1. cmt. n. 4(d).

2

did not err in finding facts that justified imposing an obstruction enhancement under U.S.S.G. § 3C1.1, and we will affirm.

Because we write solely for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.[2]

I.

On January 19, 2007, two agents from the FBI Philadelphia field office (Agents Lena Ramirez and Andy Ricksom) went to Knighton's residence and informed him that he was under suspicion of possessing child pornography. Previously the FBI had conducted a broad investigation and learned that Knighton was one of 250 persons who paid to use a certain pornography website.

Knighton admitted that he possessed child pornography and consented to a search of his residence. He ultimately produced thousands of images of child pornography that he stored on the hard drive of his computer and CD ROMs, or that he printed from the

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review the District Court's factual determination that Knighton willfully obstructed or attempted to obstruct justice for clear error, and we exercise plenary review over the District Court's conclusions of law. United States v. Powell, 113 F.3d 464, 467 (3d Cir. 1997); United States v. Miller, 527 F.3d 54, 75 (3d Cir. 2008). We review criminal sentences for reasonableness under a deferential abuse of discretion standard. United States v. Booker, 543 U.S. 220, 258-265 (2005); United States v. Cooper, 437 F.3d 324, 329-332 (3d Cir. 2006); United States v. Jackson, 523 F.3d 234, 243 (3d Cir. 2008) (citing Gall v. United States, 128 S. Ct. 586, 597-598 (2007)). "A district court will be held to have abused its discretion if its decision was based on a clearly erroneous factual conclusion or an erroneous legal conclusion." United States v. Wise, 515 F.3d 207, 217 (3d Cir. 2008).

Internet and placed into photo binders. Early in the home search, Agent Ricksom accompanied Knighton to Knighton's second floor bedroom, where there was a computer which Knighton had indicated he used to download and print pornographic images. Knighton and Agent Ricksom spent several minutes on the second floor, where Knighton gave Agent Ricksom a binder of hard copies of child pornography images. After some discussion, they returned to the first floor, and Knighton signed a consent form for the agents to search his computer. They went back to the second floor bedroom with Agent Ramirez about ten minutes later. As Agent Ramirez entered the bedroom, she noticed that the monitor for the computer was displaying a message that stated: "Washing cache/cookies."

Knighton then revealed that when he had gone to the second floor with Agent Ricksom, Knighton had turned on the bedroom computer. Knighton explained that turning on the computer activated an automatic software program (the "washing program") that deleted temporary cached Internet files and "cookies" that recorded the user's web browsing history. The washing program was designed to run automatically at startup unless it was manually bypassed. Agent Ramirez directed Knighton to do a "hard shut down" of the computer by pressing the power button. Knighton did so and informed the agents that the washing program would start automatically again when the computer restarted. Agents were later able to boot the computer to a CD ROM, and eventually retrieved pornographic images and much temporary file and web history information from

4

the computer.

In determining whether the defendant acted willfully, the district court is entitled to rely on circumstantial evidence and to draw all reasonable inferences from the facts. See, e.g., United States v. Cassiliano, 137 F.3d 742, 746 (2d Cir. 1998); cf. United States v. Loney, 219 F.3d 281, 288 (3d Cir. 2000) ("Factfinders routinely, and permissibly, draw inferences when they are evaluating a witness's credibility."). The facts underlying a sentence enhancement need only be proven by a preponderance of the evidence. United States v. Johnson, 302 F.3d 139, 154 (3d Cir. 2002). Based on Agent Ramirez's uncontested sentencing hearing testimony, the District Court made the following findings:

> When [Knighton] turned it on initially, he didn't tell anybody it was washing any temporary files, he didn't tell anybody that until he was caught by [Agent] Ramirez because she saw the [computer monitor] and she said something to him about it.
> . . . .
> [W]hen he turned on the computer he knew or had to know it had this automatic washing program. . . ; [I]t's my conclusion that the washing program [may have been] on there for just such circumstances, and that is to wash any evidence of this child pornography, which he knew to be illegal, should someone turn on his computer.
> So that the obstruction is that he could turn on the computer without notifying initially the FBI agents that it had the washing program on it and it wasn't until Agent Ramirez saw in the [monitor] that it was running with this kind of program and she confronted him about it that he finally said anything about the washing program. So I think clearly the evidence supports this two level increase for obstruction of justice.

App. 44, 48.

We agree that sufficient evidence supports the District Court's factual determination and that it did not clearly err in finding that Knighton willfully obstructed

5

or attempted to obstruct the FBI investigation into his possession of child pornography.

## II.

We thus conclude that the District Court acted reasonably, that is it did not exceed the scope of its discretion, in applying a two-level enhancement for obstruction of the investigation, pursuant to U.S.S.G. § 3C1.1.[3]

Knighton downloaded child pornography from Internet websites, and information regarding the websites he had visited was stored in his computer's cache memory and in computer "cookies." The District Court did not clearly err by concluding that Knighton willfully attempted to conceal or destroy some of the material evidence of the offense, namely, temporary information stored on the hard drive of his computer that would show the websites that he had recently visited. Knighton's washing program was deleting information about his browsing history even as he was consenting to a search of the computer. Knighton turned on the computer without notifying the FBI agent who accompanied him to the second floor bedroom where the computer was situated. It was reasonable for the District Court to conclude that, although Knighton was partially cooperative with the investigation, he also sought to obstruct a complete accounting of all of his criminal conduct. Application of a sentence enhancement for obstruction of justice

---

[3] The District Court determined that Knighton had an adjusted offense level of 33, calculated from an initial offense level of 18 plus uncontested enhancements for materials depicting a prepubescent minor, sadistic or sadomasochistic images, use of a computer, possession of 600 or more images; plus the two-level obstruction enhancement; minus a three-level decrease for acceptance of responsibility. The applicable Guideline range was 97 to 120 months. The District Court imposed a sentence of 108 months incarceration.

was well within the District Court's scope of discretion on these facts.

We are satisfied that the District Court did not clearly err in concluding that the defendant willfully obstructed the FBI investigation into his possession of child pornography, and that it was reasonable for the District Court to apply an enhancement for obstruction of the investigation, pursuant to U.S.S.G. § 3C1.1.

* * * * *

The judgment of the District Court will be affirmed.

———