

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2007

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4973

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Smith" (2007). *2007 Decisions.* Paper 215.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/215

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 05-4973 and 06-2388

UNITED STATES OF AMERICA

v.

PERRY SMITH
Appellant in No. 05-4973

UNITED STATES OF AMERICA

v.

KEVIN CLEVELAND
Appellant in No. 06-2388

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action Nos. 04-cr-00472-1 and 04-cr-00472-2)
District Judge:  Hon. Gene E.K. Pratter

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 26, 2007

BEFORE:  FISHER, STAPLETON and COWEN,
*Circuit Judges*

(Opinion Filed:  November 15, 2007)

STAPLETON, Circuit Judge:

Following a trial on several counts relating to an armed robbery of Philadelphia's Shernoff Salad Company, Perry Smith and Kevin Cleveland were each convicted of (1) one count of conspiracy to commit a robbery that interfered with interstate commerce, in violation of 18 U.S.C. § 1951(a); (2) one count of committing a robbery that interfered with interstate commerce, in violation of 18 U.S.C. § 1951(a); and (3) one count of using, or aiding and abetting the use of, a firearm during and a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Cleveland was also convicted of one count of taking a motor vehicle by force or violence, in violation of 18 U.S.C. § 2119; and of one count of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Smith and Cleveland were sentenced to 260 and 528 months of incarceration, respectively, as well as subsequent periods of supervised release, fines and restitution. They now appeal.

**I.**

Because we write only for the parties who are familiar with the factual context and procedural history of the case, we set forth only those facts necessary to our

analysis.

On August 13, 2003, at a little past 10 p.m., Kevin Cleveland stole Terry Muchison's car at gun point, and later in the evening, transferred Muchison's license plates to a Grey Oldsmobile.

The next morning, at approximately 10.30 a.m., Smith and Cleveland entered the offices of the Shernoff Salad Company, brandished guns, and demanded money from Jeffrey Shernoff. In response, he turned over the company's main cash box and then took the pair to a nearby office where another cashbox was stored.

Heidi Shernoff, Mr. Shernoff's cousin and secretary, had been in the bathroom connected to the office where the second cash box was kept when the robbers arrived. She had not heard any commotion, so when she left the bathroom, she was surprised to see the robbery occurring. She yelled to alert her co-workers, and in response, Cleveland drew his pistol, and said, "This is for you." Then Cleveland shot her on his way out of the office. Once the defendants fled in the Oldsmobile disguised by Muchison's plates, someone at Shernoff's called the police and reported the robbery.

After piecing together a description of the robbers, police broadcasted this information over their radio network. Officers on patrol spotted the Olds traveling towards the Lakes, an area park, and relayed the information. At the Lakes, other officers pursued the suspects into the park, where they apprehended Smith and Cleveland. After being escorted to the police station, the pair was processed, booked, and offered the

chance to make a statement. Although Cleveland declined, Smith opted to do so, telling officers that he had been at Shernoff's that day, though he did not participate in the robbery.

The pair was subsequently tried together, convicted, and sentenced on the charges listed above.

## II.

Smith and Cleveland appeal their convictions and sentences on a myriad of grounds, and this Court has appellate jurisdiction over these timely appeals pursuant to 28 U.S.C. § 1291 (judgments of conviction), and 18 U.S.C. § 3742 (sentencing). Save for a single claim by Cleveland, we find no merit in any of them. We first address the challenges to their convictions.

## A.

Smith argues that he was unduly prejudiced by the joint trial because Muchison, the car-jacking victim, testified that Cleveland brandished a gun, which could have led the jury to "infer[] that Smith had a firearm since he was in the company of a man who several days prior . . . similarly robbed" someone else.

We disagree. First, the jury was instructed not to hold this evidence against Smith, an instruction that they are presumed to have followed. *United States* v. *Hakim*, 344 F.3d 324, 326 (3d Cir. 2003). Second, as this Court has repeatedly said, "neither a disparity in evidence nor the introduction of evidence more damaging to one defendant

4

than another entitles the seemingly less culpable defendant to severance." *United States*
v. *Sebetich*, 776 F.2d 412, 427 (3d Cir. 1985) (*quoting United States* v. *Dickens*, 695 F.2d
765, 778-79 (3d Cir.1983)).  Finally, third, the evidence would have been admissible
against Smith in a separate trial as evidence of an overt act in furtherance of the
conspiracy.  *See United States* v. *Hart*, 273 F.3d 363, 370 (3d Cir. 2001).

On the other hand, Cleveland contends that the joint trial caused a *Bruton*
violation, because Smith's out of court statement was admitted into his trial.  *See Bruton*
v. *United States*, 391 U.S. 123, 125 (1968) (prohibiting the admission of a co-defendant's
confession at the other's trial, if the confessor is not subject to cross-examination).
Again, we disagree, because Smith's statement was properly redacted and was
accordingly admissible under *Bruton*.  *See, e.g.*, *Gray* v. *Maryland*, 523 U.S. 185, 196-97
(1998).  Further, the subsequent admission of Smith's unredacted statement after he
testified did not implicate *Bruton* because Smith had taken the stand and was subject to
cross-examination on its contents.

Taking a different tact, Cleveland claims that Smith's decision to take the
stand during their joint trial violated his right to remain silent because the jury was left to
wonder why he did not follow suit.  However, in reaching his conclusion, Cleveland
overlooks the fact that Smith could have testified against him whether or not the two were
tried together, since Smith's testimony was relevant to Cleveland's case.  *Zafiro* v. *United
States*, 506 U.S. 534, 540 (1993) ("A defendant normally would not be entitled to exclude

5

the testimony of a former codefendant if the district court did sever their trials, and we see no reason why relevant and competent testimony would be prejudicial merely because the witness is also a codefendant."). Accordingly, the fact that Smith testified at their joint trial is no basis for reversal.

Finally, Smith and Cleveland both argue that, because they made off with very little money from Shernoff's (a debatable point), the event's de minimis effect on interstate commerce could not justify a conviction under the Hobbs Act.

To the contrary, the Hobbs Act applies to precisely these kind of robberies. *See, e.g., United States* v. *Urban*, 404 F.3d 754, 766-67 (3d Cir. 2005); *United States* v. *Mazzei*, 521 F.2d 639, 642 (3d Cir. 1975). In fact, we have held that a robbery netting approximately $50.00 from a Virgin Islands bar that sold Heineken and Miller beer, both of which were shipped in from the mainland United States, had a sufficient nexus with interstate commerce to permit the application of the Hobbs Act. *United States* v. *Haywood*, 363 F.3d 200, 202, 210 (3d Cir. 2004).[1]

---

[1]Smith and Cleveland make a number of additional meritless claims related to their convictions. Specifically, Cleveland objects to certain offhand remarks he says implicated his right to remain silent, as well as certain jury instructions he believed left the jurors confused. Finally, he objects to Muchison's in-court identification, claiming it was tainted. In turn, Smith claims that there was insufficient evidence to support his convictions on the weapons and conspiracy counts, and that his prior statement to police should have been suppressed since it was made under duress. Further, both argue that they were arrested without probable cause, that they were denied a speedy trial, that the District Court constructively amended the indictment in its instructions to the jury, that the eyewitness identifications were tainted, and that certain evidence was admitted in violation of the best evidence rule. We have reviewed all of these claims and find them to be without merit.

6

**B.**

We now turn to Smith and Cleveland's challenges to the sentencing proceedings, which are also, for the most part, meritless.

Smith argues that the District Court erred in enhancing the Guidelines sentence six levels after finding that Ms. Shernoff suffered a permanent or life-threatening bodily injury, as defined by the U.S. SENTENCING GUIDELINES MANUAL § 2B3.1(b)(3).

To apply the Guidelines, the District Court had to determine (1) whether the shooting resulted in a "Serious bodily injury" to Ms. Shernoff, i.e. whether she was left in "extreme physical pain," suffered "the protracted impairment of a function of a bodily member, organ, or mental faculty," or required "medical intervention such as surgery, hospitalization, or physical rehabilitation," *Id*. at § 1B1.1, Application Note (L), or, alternatively, (2) whether Ms. Shernoff suffered a "Permanent or Life-Threatening Bodily Injury," i.e. whether she faced "a substantial risk of death," or suffered the "loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent." *Id*. at § 1B1.1, Application Note (J).

We review the District Court's determination on this matter for clear error, and correspondingly will not reverse it unless we are "left with the definite and firm conviction that a mistake has been committed" based on the record as a whole. *United*

*States* v. *Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (*quoting Concrete Pipe & Prods. of Cal., Inc.* v. *Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993)).

Here, Cleveland's shot tore a hole in Ms. Shernoff's uterus and took a substantial portion of her small intestine. Obviously, this shooting left Ms. Shernoff gravely injured, and accordingly, we cannot conclude based on the record before us that the District Court's decision to classify the injury as permanent or life-threatening was clearly erroneous.

We similarly find no merit in Smith and Cleveland's claims that their sentences were unreasonable, and that the District Court's factfinding by a preponderance standard was in error.

Finally, Cleveland contests the District Court's finding that he had "at least two prior felony convictions [for] crime[s] of violence" and is correspondingly a career offender. *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a). Cleveland concedes that he has been convicted of aggravated assault, which was a crime of violence, and also of criminal conspiracy. However, he points out that conspiracy is not considered a crime of violence for sentencing purposes unless the conspiracy was predicated on such a crime, and Cleveland argues that the District Court's conclusion that his conspiracy conviction pertained to a crime of violence was clearly erroneous. *E.g.*, *Id.* at § 4B1.2 Application Note 1.

We agree. At sentencing, the government represented to the Court that the

conspiracy charge had only four possible objects: three were crimes of violence, though the fourth, possession of an instrument of a crime, was not. Further, all parties agreed that, under the relevant law, a conspiracy conviction carried the same sentence as the most serious underlying offense, and possession of an instrument of a crime could yield – at worst – five years. Considering these facts, the District Court reasoned that because Cleveland received a five to ten year sentence for his involvement in the conspiracy, he could not have been convicted only of conspiring to possess an instrument of a crime, and must have been convicted of a conspiring to commit a crime of violence.

However, the District Court erred in its reasoning because it overlooked the fact that Cleveland was also charged with conspiring to violate the Uniform Firearms Act, which included non-violent crimes meriting the same five to ten year sentence Cleveland received. *See* 18 Pa.C.S.A. § 6105. So, had his conspiracy conviction been predicated on a Uniform Firearms Act charge, which is possible, his five to ten year sentence may not have been indicative of a crime of violence.

The District Court erred in classifying Cleveland as a career offender. Consequently, we will vacate Cleveland's sentence, and remand the matter for resentencing only. However, this does not preclude the District Court from resentencing Cleveland as a career offender if it is able, upon further consideration and/or development of the record, to determine that Cleveland's conspiracy conviction pertained to a crime of violence. *See generally United States* v. *Siegel*, 477 F.3d 87 (3d Cir. 2007) (reviewing

9

permissible sources of information for use in applying U.S. Sentencing Guideline § 4B1.2).

## III.

The judgment of the District Court in No. 05-4973 will be affirmed. We will vacate the judgement of the District Court in No. 06-2388 and remand that matter for resentencing only.