NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3323
_____

UNITED STATES OF AMERICA

v.

KEVIN CLEVELAND,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2:04-00472-002)
Honorable Gene E.K. Pratter, District Judge

_____

Submitted under Third Circuit LAR 34.1(a)
December 17, 2010

BEFORE:  SLOVITER, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Filed: February 8, 2011)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge

This matter comes on before this Court on an appeal from a sentence imposed at a

resentencing on July 15, 2008, followed by an amended judgment entered on July 22,

2008, after we remanded this case for resentencing in our disposition of appellant Kevin

Cleveland's first appeal.  The prosecution leading to Cleveland's case arose from two

robberies that Cleveland committed in Philadelphia on consecutive days in August 2003. He committed the first robbery on August 13 when he robbed a pizza delivery man at gunpoint and took the victim's cash and car. The next day Cleveland and Perry Smith committed an armed robbery at a business called Shernoff Salads. During the course of the Shernoff robbery, Cleveland shot Heidi Shernoff, an employee at that business. Philadelphia police arrested Cleveland and Smith on August 14, 2003, and thereafter the Commonwealth of Pennsylvania charged both men with state law crimes.

The prosecutions, however, were federalized when, on April 20, 2004, a federal grand jury indicted Cleveland for conspiracy to commit robbery which interfered with interstate commerce, in violation of 18 U.S.C. § 1951(a) (Count One); interfering and aiding and abetting interference with interstate commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count Two); using and carrying and aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count Three); carjacking, in violation of 18 U.S.C. § 2119 (Count Four); and using and carrying a firearm during and in relation to the carjacking, in violation of 18 U.S.C. § 924(c)(1) (Count Five). The grand jury indicted Smith in the first three counts of the indictment which related to the Shernoff Salads robbery but it did not indict him in the last two counts involving the robbery of the pizza delivery man. After the District Court dismissed the indictment, without prejudice, by reason of a Speedy Trial Act violation, a grand jury returned a second indictment against Cleveland and Smith repeating the charges from the first indictment.

2

At the ensuing trial, a jury convicted both defendants on all of the counts of the indictment against each of them. Thereafter, on April 14, 2006, the District Court sentenced Cleveland to a total custodial term of 528 months to be followed by a three year term of supervised release.[1] The total custodial sentence reflected concurrent custodial terms of 144 months each on Counts One, Two, and Four and consecutive 300-month and 84-month terms on Count Three and Count Five.

18 U.S.C. § 924(c) required the District Court to impose the consecutive sentences totaling 384 months on Counts Three and Five.[2] But the 144-month custodial sentences on Counts One, Two, and Four reflected a substantial downward variance from the guidelines sentencing range that the Court calculated. In making its computations the Court determined that Cleveland was a career offender under U.S.S.G. § 4B1.1(a) and that he had a total offense level of 34 and a criminal history category of VI. Thus, his guidelines custodial range was 262 to 327 months. The Court concluded that Cleveland was a career offender because he had two prior felony convictions for "crimes of violence": a 1992 Pennsylvania conviction for aggravated assault, and a 1993 Pennsylvania conviction for conspiracy and that this case also involved crimes of violence. The Court's determination that Cleveland was a career offender, to the extent that the Court relied on his 1993 conviction to reach that conclusion, is at the heart of this appeal.

---

[1] The sentence also provided for a fine, restitution, and a special assessment but we are not concerned with those provisions of the sentence on this appeal.

[2] We need not explain why the consecutive terms were required as Cleveland does not challenge them by asserting that their consecutive imposition was not mandatory.

3

Cleveland appealed from both his conviction and his sentence but we rejected all of his bases for challenging his conviction and sentence except one. See United States v. Smith, 256 F. App'x 497 (3d Cir. 2007).[3] The limited exception was that we determined that the District Court erred in concluding on the basis of the record then before it that Cleveland's 1993 conviction for conspiracy constituted a crime of violence. Id. at 500-01.

In holding that the District Court erred we observed that the government contended at Cleveland's sentencing that the 1993 conspiracy charge on which he had been convicted had four possible objects, three of which would have been for crimes of violence but one of which, possession of an instrument of a crime, would not have been for a crime of violence. Id. Nevertheless, because possession of an instrument of a crime is a first-degree misdemeanor carrying a maximum penalty of a five-year term of imprisonment, 18 Pa. Cons. Stat. Ann. §§ 907(a), 1104(1) (West 1998), the District Court reasoned that the state court's imposition of a five-to-ten year custodial sentence for the conspiracy conviction established that Cleveland must have been convicted of conspiring to commit a crime of violence rather than being convicted of possession of an instrument of crime. Smith, 256 F. App'x at 500-01.

We, however, rejected that conclusion as it was possible that Cleveland's conspiracy charge could have been for a conspiracy to violate the Uniform Firearms Act, a statute which included punishment for non-violent crimes of the same length as the five-to-ten year custodial sentence that the state court imposed on him. Id. at 501. Inasmuch

_____

[3] Smith also appealed but we are not concerned with his case at this time.

4

as a violation of the Uniform Firearms Act would not have been for a crime of violence for career offender purposes under the guidelines, if the conspiracy charge on which there had been a conviction had as its object a violation of that Act, Cleveland would not have been a career offender. Id. Accordingly, we vacated Cleveland's sentence and remanded the case for resentencing. Id. Critically, however, we did not reject the possibility that the conspiracy conviction was for a crime of violence, as we indicated that on the remand the District Court was not precluded "from resentencing Cleveland as a career offender if it is able, upon further consideration and/or development of the record, to determine that [his] conspiracy conviction pertained to a crime of violence." Id. Thus, our remand was for a very limited redetermination, and, of course, the resentencing depended on the District Court's conclusions on that redetermination.

The District Court held a new sentencing hearing on July 15, 2008. At that hearing the government presented evidence that it had not presented at Cleveland's original sentencing in support of its argument that Cleveland's 1993 conviction was for a conspiracy to commit a crime of violence. This evidence consisted of a certified copy of the criminal complaint containing the conspiracy charge and a copy of the portion of the transcript from Cleveland's 1993 trial in which the judge charged the jury on the conspiracy charge. Based on this additional evidence, the District Court readopted its finding that Cleveland's 1993 conspiracy conviction was for a crime of violence, which meant that the Court's initial determination that Cleveland was a career offender had been correct.

5

Nevertheless, on the resentencing the conscientious District Court made a plenary analysis of the factors leading to its calculation of Cleveland's guidelines range. The Court began by applying the guidelines grouping rules and determining that Cleveland's convictions on Counts One and Two, formed one group, and his carjacking conviction on Count Four constituted a second group. The Court determined that for the first group Cleveland's base offense level was 20 under U.S.S.G. § 2B3.1, but there would be a 4-level enhancement under U.S.S.G. § 2B3.1(b)(3)(B) because a victim, Heidi Shernoff, had suffered a serious bodily injury. However, inasmuch as Cleveland was a career offender under U.S.S.G. § 4B1.1, his offense level for this group was 32.

The District Court then determined that the base offense level for Cleveland's carjacking conviction was also 20, but that there would be a 2-level enhancement to his sentencing level, pursuant to U.S.S.G. § 2B3.1(b)(5), because the offense involved carjacking. Inasmuch as Cleveland was a career offender, the total adjusted offense level for this group was 29. The Court then assigned one unit to each group, and determined that 2 points should be added to the offense level for the first group for a total offense level of 34.

The District Court also determined that Cleveland had 9 criminal history points, a number that ordinarily would have placed him in criminal history category IV. However, because Cleveland was a career offender, his criminal history category was increased to level VI. The attorneys agreed with these rather complex calculations, and Cleveland does not challenge them on this appeal beyond contending that he is not a career offender.

6

The District Court pointed out that, with a total offense level of 34 and a criminal history category of VI, under the guidelines Cleveland's sentencing range was for a custodial term of 262-327 months for his convictions on Counts One, Two, and Four. The Court, however, granted a substantial downward variance on those counts, and again imposed a custodial sentence of 144 months on those counts. When combined with the statutorily mandated sentences of 84 months on Count Five and 300 months on Count Three, both to run consecutively to any other sentence, the Court again imposed a total custodial sentence on Cleveland of 528 months. The Court entered an amended judgment, in accordance with its findings on July 22, 2008. Cleveland then filed this appeal.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We exercise plenary review over the District Court's interpretation of the sentencing guidelines, see United States v. Yeaman, 194 F.3d 442, 456 (3d Cir. 1999), but review the District Court's findings of fact to determine if they were clearly erroneous. See United States v. Powell, 113 F.3d 464, 467 (3d Cir. 1997).

Cleveland argues that the District Court erred when it held that he was a career offender under U.S.S.G. § 4B1.1(a) because the government did not prove by a preponderance of the evidence that the 1993 conviction for conspiracy was for a "crime of violence." Cleveland's contention that the District Court's determination with respect to the 1993 conspiracy conviction was erroneous presents the only issue that we address on this appeal.

7

There are three requirements for a defendant to be classified as a career offender under the guidelines: (1) the defendant must have been at least 18 years old at the time that he committed the crime for which the court is sentencing him; (2) the crime for which the court is sentencing him must have been a "crime of violence or a controlled substance offense;" and (3) the defendant must have a prior criminal record with "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The guidelines define "crime of violence" to include any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," or (2), so far as germane here, "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

Cleveland does not dispute that he was older than 18 years of age when he committed any of his current federal offenses, and he does not contend that his current convictions do not include crimes of violence. Moreover, on his original appeal he conceded that his 1992 conviction for aggravated assault was a felony conviction for a "crime of violence" under U.S.S.G. § 4B1.2(a), see Smith, 256 F. App'x at 500, and he does not contend otherwise on this appeal. Consequently, as we have indicated, the only issue on this appeal is whether Cleveland's 1993 conviction for conspiracy was for a crime of violence. Indeed, Cleveland admits as much for in his brief he states that the issue on appeal is "[w]hether the District Court erred in its determination that [his prior

conviction] for conspiracy constituted a crime of violence, permitting the Court to characterize [him] as a career offender . . . ."  Appellant's br. at 5.

The conspiracy statute under which Cleveland was convicted, 18 Pa. Cons. Stat. Ann. § 903(a) (West 1998), provides that a person is guilty of conspiracy "if with the intent of promoting or facilitating its commission he:  (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime."  Under the sentencing guidelines a conspiracy conviction qualifies as a crime of violence if the predicate crime for that conspiracy was, itself, a crime of violence.  U.S.S.G. § 4B1.2(a) app. note 1 (stating that a crime of violence includes conspiring to commit such an offense).   Thus, in United States v. Hawkins, 139 F.3d 29, 34 (1st Cir. 1998), the Court of Appeals pointed out that "[w]e have . . . unequivocally held that conspiracy to commit a crime of violence, as defined in the career offender guidelines, is itself a crime of violence for purposes of its treatment under the Guidelines."  Accordingly, a determination of whether the conspiracy for which Cleveland was convicted was a crime of violence depends entirely on a determination of whether the crime which Cleveland and his co-conspirators conspired to commit was a crime of violence.

Experience has shown that it is not always clear from a judgment whether a defendant's conviction was for a crime of violence.  When the judgment is not clear on this point a sentencing court in a later case may examine the charging documents and jury

9

instructions from the earlier case to assist it in making that determination.  See Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254, 1257 (2005); Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 2160 (1990); United States v. Siegal, 477 F.3d 87, 90-93 (3d Cir. 2007).  We reiterate that on the remand following Cleveland's first appeal the District Court expanded the record so that it included both the state court criminal complaint charging Cleveland with conspiracy and the jury instructions from his 1993 trial on that charge.  When these documents are examined, it is clear that Cleveland was convicted of a conspiracy to commit murder, which is unquestionably a crime of violence.

We reach this conclusion for the following reasons.  Cleveland's state court criminal complaint identified the conspiracy charge as a felony in the second degree and included, inter alia, two charges of murder and a charge of aggravated assault, which, like murder, is a crime of violence.  Under Pennsylvania law the conspiracy charge had the same classification and degree as the murder charge, as that charge was the most serious charge that was an object of the conspiracy.  18 Pa. Con. Stat. Ann. § 905(a) (West 1998).[4]  Thus, the criminal complaint made it clear that Cleveland was charged with a conspiracy to commit a crime of violence.

Yet the mere fact that the charge against Cleveland included a crime of violence does not mean that he was convicted for committing a crime of violence as the criminal complaint included charges of conspiracy to commit offenses that were not crimes of

---

[4] In Pennsylvania certain murders are second degree offenses.  18 Pa. Cons. Stat. Ann. § 2502(b) (West 1998).

10

violence. But the court's charge to the jury established that Cleveland was convicted of a conspiracy to commit murder and not a conspiracy to commit a lesser charge that was not a crime of violence. At the conclusion of the 1993 trial, the state court instructed the jury on the elements of the offenses charged which included a conspiracy which the judge repeatedly characterized as a "conspiracy to commit murder":

The defendants have been charged with here a conspiracy to commit murder.

* * *

Therefore, in order to find the defendant guilty of a conspiracy to commit murder you must be satisfied initially the following two elements of a conspiracy have been proven beyond a reasonable doubt: First, that the defendant agreed with another person or persons that they or one or more of them would engage in conduct which constitutes the crime of murder, and secondly, that the defendant did so with the intent of promoting or facilitating the commission of the crime of murder.

Supp. App. at 77-79. In fact, the state trial judge did not instruct the jury that any of the defendants had been charged with conspiracy to commit any crimes other than murder.

Moreover, the judge mentioned only one alleged overt act that the defendants undertook in furtherance of the conspiracy, the killing of two people:

Now, it is not necessary that the crime which is the object of the conspiracy be committed or even attempted. That is because the essence of the crime of conspiracy is the agreement itself. However, it is necessary that at least one of the parties do something more than merely conspiring with his fellow conspirators. After the conspiracy comes into existence he must perform an overt act in pursuance of the conspiracy.

* * *

One overt act is sufficient. However, you must all agree on the same overt act.

* * *

No person may be convicted of conspiracy unless an overt act in pursuance of the conspiracy is alleged and proven to have been done by him or by a person with whom he

11

conspired. In the case it is alleged that the killing of Ronald Bradley and Aaron Hainey was the overt act.

Supp. App. at 78-79. Thus, the 1993 conspiracy conviction was for a conspiracy to commit murder, certainly a crime of violence.

In reaching our conclusion, we have not overlooked Cleveland's argument that the jury instructions provide inadequate evidence of the nature of the conspiracy charge because they did not distinguish between the other defendants charged in the case and Cleveland. Rather, we reject that argument. The criminal complaint establishes that Cleveland was one of the defendants charged with criminal conspiracy and the judgment from the 1993 case establishes that Cleveland was convicted of that charge. Accordingly, when the state judge provided the jury with instructions on conspiracy, those instructions applied to Cleveland as he was one of the defendants on trial. Indeed, on this appeal Cleveland does not contend that he objected in the state court to the charge on the basis that it was not clear as to which defendant or defendants the charge applied. Thus, Cleveland does not contend that, at the state court trial, Cleveland argued that the state court needed to identify Cleveland by name to include him among the defendants to whom the conspiracy to murder instructions applied.

We also have not overlooked Cleveland's argument that because he was acquitted of the substantive crime of murder, his conspiracy conviction may have pertained to some other crime. This argument fails because the state trial judge told the jury that the crime that was the object of the conspiracy did not have to be committed or even attempted for it to convict the defendant of the conspiracy to commit the crime. Thus, the fact that the

12

jury acquitted Cleveland of the substantive crime of murder is immaterial in a determination of the identification of the object of the conspiracy for which that state jury convicted him. Moreover, we reiterate that, given the jury instructions, the object of that conspiracy undoubtedly was the commission of a murder. We also point out that in view of the trial court's charge which Cleveland does not claim incorrectly stated the law, it cannot be said that the jury returned an inconsistent verdict when it acquitted Cleveland of murder but convicted him of conspiracy to commit murder.

Overall, it is clear from the charging documents and the jury instructions relating to Cleveland's 1993 conspiracy that the jury convicted him of conspiracy to commit murder. Consequently, the conspiracy conviction meets the definition of a "crime of violence" under U.S.S.G. § 4B1.2(a) and, accordingly, the District Court correctly determined that Cleveland was a career offender under U.S.S.G. § 4B1.1(a).

For the foregoing reasons the amended judgment of conviction and sentence entered on July 22, 2008, will be affirmed.

13